Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Benjamin Gillig (SBN 327873)
bgillig@sidley.com
Tyler Wolfe (SBN 328841)
tyler.wolfe@sidley.com
SIDLEY AUSTIN LLP
555 California Street,
Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

*Attorneys for Defendants*
*The RealReal, Inc., and Individual Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL SANDERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE REALREAL, INC., et al.,<br><br>Defendants. | Case No.  5:19-cv-07737-EJD<br><br>**THE REALREAL, INC. AND INDIVIDUAL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Assigned to: Honorable Edward J. Davila<br><br>Date:   August 20, 2020<br>Time:  9:00 a.m.<br>Courtroom 4, 5th Floor |

## I.    INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants The RealReal, Inc. ("TRR" or "the Company"), Julie Wainwright, Matt Gustke, Steve Lo, Maha Ibrahim, Michael A. Kumin, Gilbert L. Baird III, Rob Krolik, Stefan Larsson, Niki Leondakis, and James Miller (collectively, "TRR Defendants") file this request for judicial notice of documents cited in their Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 32).  These documents are attached as exhibits to the concurrently-filed declaration of Jaime A. Bartlett (ECF No. 34). Each document is properly subject to judicial notice and/or may be considered under the doctrine of incorporation by reference.

In cases arising from Section 11 of the Securities Act and Section 10 of the Exchange Act, defendants' public statements "constitute the subject matter of the claim."  *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1258 (N.D. Cal. 2000).  In evaluating motions to dismiss these types of claims, courts accordingly consider the public "representations [defendants] made to the market." *Wochos*, 2018 WL 4076437, at *2.  The documents attached to the Bartlett Declaration reflect Defendants' public statements during the purported class period and are therefore properly before the Court as a matter of judicial notice.

Nearly all of these documents are also referred to or drawn upon in the Amended Class Action Complaint (ECF No. 31), and are thus also properly before the Court under the doctrine of incorporation by reference.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

By way of further description, Exhibits 1 through 6 to the Bartlett Declaration are true and correct copies of the following:

1.    Registration Statement filed by The RealReal, Inc. on May 31, 2019.  TRR Defendants offer this exhibit for the purpose of demonstrating what the Registration Statement said about AOV and the Company's authentication process.

2.    Form 10Q for 2Q FY2019 filed by The RealReal, Inc. on August 14, 2019.  TRR Defendants offer this exhibit for the purpose of demonstrating what the Company said about AOV.

1

3.      Form 10Q for 3Q FY2019 filed by The RealReal, Inc. on November 5, 2019.  TRR Defendants offer this exhibit for the purpose of demonstrating what the Company said about AOV.

4.      Transcript of The RealReal, Inc.'s presentation at the 2019 Wells Fargo Securities Consumer Conference and Beauty Forum on September 26, 2019.  TRR Defendants offer this exhibit for the purpose of demonstrating what defendant Gustke said about the Company's authentication process.

5.      Transcript of The RealReal, Inc.'s 3Q FY2019 earnings conference call on November 4, 2019.  TRR Defendants offer this exhibit for the purpose of demonstrating what defendants Wainwright and Gustke said about the Company's authentication process.

6.      Press release of CEO Julie Wainwright's Letter to Customers, dated November 12, 2019. TRR Defendants offer this exhibit for the purpose of demonstrating what defendant Wainwright said about the company's authentication process.

## II.      LEGAL STANDARD

A court may consider documents on a motion to dismiss, even if not relied upon in the complaint, by taking judicial notice of them.  Courts may "judicially notice a fact that is not subject to reasonable dispute," because it "can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d. 988, 999 (9th Cir. 2018) (citations and internal quotation marks omitted).

Under the doctrine of incorporation by reference, a court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" on a motion to dismiss.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original, internal quotation marks and citations omitted), *superseded by statute on other grounds as stated in In re Quality Sys., Inc. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017).  "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.  A document may be deemed

2

incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citations omitted).

## III.    ARGUMENT

### A.    Defendants' SEC Filings are Subject to Judicial Notice and Incorporated by Reference (Exhibits 1-3).

Exhibits 1 through 3 consist of The RealReal's Registration Statement (as of May 31, 2019) and Form 10Q filings from two post-IPO quarters (Q2 and Q3 FY2019).  Courts routinely take judicial notice of materials filed with the SEC, particularly in securities cases.  *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Coll. Inc.*, 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008) (SEC filings are proper subjects of judicial notice); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice").  As "matters of public record," the content of these SEC filings are not subject to dispute.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  The Court may take judicial notice of their content for the purpose of determining what TRR Defendants said about AOV and the company's authentication process.

Exhibits 1 and 2 are also incorporated by reference into Plaintiffs' Amended Complaint. Plaintiffs extensively reference and quote the Registration Statement and the Q2 FY2019 Form 10Q filing.  *See, e.g.*, Amended Compl. (ECF No. 31) ¶¶ 1-11, 63-91, 144-61.[1]  Indeed, these exhibits form the basis of Plaintiffs' claim that TRR Defendants made false or misleading statements both before and after the IPO.  *Id.*  The incorporation by reference doctrine ensures that the Court can evaluate the relevant portions of TRR's SEC filings in full, and that Plaintiffs will not improperly benefit by omitting information that undermines his allegations.  *See Kohja*, 899 F.3d at 1002.  For this additional reason, Exhibits 1 and 2 are properly before the Court.

---

[1] The Amended Complaint does not explicitly reference the Company's 3Q FY2019 Form 10Q filing (Ex. 3).  However, as explained above, this exhibit is an appropriate subject of judicial notice.

3

**B.**    **Transcripts of Defendants' Public Statements are Subject to Judicial Notice and Incorporated by Reference (Exhibit 4-5).**

Exhibits 4 and 5 are transcripts from an earnings call and a presentation to investors "the accuracy of which is not reasonably subject to dispute." *Wochos*, 2018 WL 4076437, at \*2.  As in *Wochos*, the transcripts here "constitute the subject matter of the claim: [defendants'] public statements." *Id.*  As such, the Court may consider these documents in evaluating the motion to dismiss for the purposes of determining what TRR Defendants told the market. *Id.*

Both of these exhibits may also be considered under the doctrine of incorporation by reference because Plaintiffs explicitly rely on these documents in the Amended Complaint. *See* Amended Compl. (ECF No. 31) ¶¶ 157, 195, 205, 207, 209-11.  When plaintiffs explicitly reference a defendant's public disclosures, "and rel[y] on them as sources of the allegedly fraudulent statements," it is proper to consider the referenced documents incorporated by reference. *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016).  Doing so "prevents plaintiffs from selecting only portions of documents that support their claims." *Khoja*, 899 F.3d at 1002.  The RealReal's earnings call and investor event transcripts are incorporated by reference into the complaint and are properly before the Court for the purpose of determining what TRR Defendants said to the market.

**C.**    **Defendants' Press Release Regarding Authentication is Subject to Judicial Notice (Exhibit 6).**

Exhibit 6 is a press release styled as a letter from The RealReal's founder and CEO, Julie Wainwright.  Distributed on November 12, 2019, the press release addresses a core issue in Plaintiffs' case: The RealReal's authentication process.  The press release is a matter of public record and its contents are not a matter of dispute. *See In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases."); *see also Sgarlata v. Paypal Holdings, Inc.*, 2018 WL 6592771, at \*6 (N.D. Cal. Dec. 13, 2018) ("The Court takes judicial notice of the fact that the press releases were issued . . . informing the public of the information contained in them.").  For these reasons, the Court may take judicial notice of the press release.

4

The contents of Exhibit 6 are also expressly quoted in Plaintiffs' complaint. Amended Compl. at ¶ 213. For this further reason, the Court may consider the press release under the doctrine of incorporation by reference.

**IV.    CONCLUSION**

The six documents attached to the Bartlett Declaration (ECF. No. 34) and cited in TRR Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF No. 32) are properly before the Court and should be considered pursuant to Rule 201 of the Federal Rules of Evidence.

Dated: May 15, 2020                                      SIDLEY AUSTIN LLP

                                                         By:*/s/ Sara B. Brody*
                                                             Sara B. Brody

                                                         *Attorneys for Defendants*
                                                         The RealReal, Inc., and Individual Defendants

THE REALREAL, INC. AND INDIVIDUAL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MTD; CASE NO. 5:19-CV-07737-EJD