Lisa R. Bugni (SBN 323962)
lbugni@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: +1 415 318 1234
Facsimile: +1 415 318 1300

*Attorneys for Defendants The RealReal, Inc.
and Individual Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL SANDERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE REALREAL, INC., et al.,<br><br>Defendants. | Case No.  5:19-cv-07737-EJD-VKD<br><br>**THE REALREAL, INC. AND INDIVIDUAL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTS III AND IV OF THE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Assigned to: Honorable Edward J. Davila<br><br>Date: September 23, 2021<br>Time:  9:00 a.m.<br>Courtroom 4, 5th Floor |

## I.      INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants The RealReal, Inc. ("TRR or the "Company"), Julie Wainwright, Matt Gustke, Steve Lo, Maha Ibrahim, Michael A. Kumin, Gilbert L. Baird III, Rob Krolik, Stefan Larsson, Niki Leondakis, and James Miller (collectively, "TRR Defendants"), file this request for judicial notice of the fact of litigation between TRR and Former Employee 3 (FE3) in the Second Amended Class Action Complaint (ECF 46) ("SAC"). The fact of litigation is cited in the TRR Defendants' Motion to Dismiss Counts III and IV of Second Amended Class Action Complaint (ECF 52), and it is evidenced by a document that is (a) a court filing from *Taska v. The RealReal, Inc.*, Case No. CPF20517255, Superior Court of the State of California, County of San Francisco, (b) attached as an exhibit to the concurrently-filed declaration of Lisa R. Bugni (ECF 54), and (c) properly subject to judicial notice.

## II.     ARGUMENT

A court may consider documents on a motion to dismiss, even if not relied upon in the complaint, by taking judicial notice of them. Courts may "judicially notice a fact that is not subject to reasonable dispute," because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d. 988, 999 (9th Cir. 2018) (citations and internal quotation marks omitted). In particular, "[t]he court can take judicial notice of facts beyond the complaint and matters of public record such as pleadings in another action and records and reports of administrative bodies." *Anderson v. Cal. Republican Party*, No. C-91-2091-MHP, 1991 WL 472928, *2 (N.D. Cal. Nov. 26, 1991).

The fact of litigation between TRR and FE3 is evidenced by a document that is a pleading from another action, and, thus, is the proper subject of judicial notice. *Id.* The TRR Defendants submit the pleading from the *Taska* action to demonstrate **only** the fact of litigation between TRR and FE3, who is alleged to be the former chief human resources officer for TRR (SAC ¶ 50).

## III.    CONCLUSION

The fact of litigation between TRR and FE3 as evidenced by the document attached to the

1

Bugni Declaration (ECF 54) and cited in TRR Defendants' Motion to Dismiss Counts III and IV of the Second Amended Complaint (ECF 52) is properly before the Court and should be considered pursuant to Rule 201 of the Federal Rules of Evidence.

Dated:  June 14, 2021

KING & SPALDING LLP
By: *Lisa R. Bugni*
    Lisa R. Bugni

*Attorneys for Defendants The RealReal, Inc. and Individual Defendants*