# EXHIBIT A

KRISTOPHER S. DAVIS (SBN 193452)
kristopher.davis@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone:      +1 310 203 4000
Facsimile:      +1 310 229 1285

MATTHEW J. ADLER (SBN 273147)
matthew.adler@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, California  94111
Telephone:      +1 415 591 7500
Facsimile:      +1 415 591 7510

Attorneys for Respondent
THE REALREAL, INC.

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**10/16/2020**
**Clerk of the Court**
**BY: ANNA TORRES**
**Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ELIZABETH TASKA,<br><br>        Claimant,<br><br>    v.<br><br>THE REALREAL, INC.,<br><br>        Respondent. | Case No. CPF20517255<br><br>**RESPONDENT THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT ELIZABETH TASKA'S PETITION TO VACATE ARBITRATION AWARD**<br><br>Date:    TBD<br>Time:    9:30 a.m.<br>Judge:   Hon. Ethan P. Schulman<br>Dept.:   302<br><br>Petition Filed:  October 6, 2020 |

ACTIVE.125207285.02

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................... 5

II.   BACKGROUND .................................................................................................... 7

    A.    Claimant's Employment with TRR and Arbitration Agreement ........................... 7

    B.    Claimant's Termination from TRR and Arbitration Demand................................. 7

    C.    The Arbitrator's Initial Award .............................................................................. 8

    D.    TRR's Motion for Attorneys' Fees and Costs ...................................................... 8

    E.    Arbitrator Bond Ruled that the Initial Award Was *Not* "Final"............................ 9

    F.    The Arbitrator's Final Award and Corrected Final Award.................................. 10

    G.    Claimant's Improper Service of the Petition........................................................ 10

III.  ARGUMENT ........................................................................................................ 11

    A.    The Court Should Dismiss the Petition Because Claimant Failed to Serve TRR By the Statutory Deadline. ................................................................. 11

        1.    Claimant Is Required to Serve TRR with the Petition in the Same Manner as a Summons. ............................................................... 11

        2.    Claimant Did Not Properly Serve TRR with the Petition. ......................... 12

        3.    The Deadline for Claimant to Properly Serve TRR with the Petition Has Lapsed. ............................................................................... 12

        4.    The Petition Should Be Dismissed............................................................. 13

    B.    Alternatively, the Court Should Deny the Petition Because There Are No Grounds to Vacate the Corrected Final Award. ............................................... 14

        1.    California Law Applies. .............................................................................. 14

        2.    The Arbitrator Did Not "Exceed Her Powers" by Issuing the Final Award and Corrected Final Award to Award TRR its Fees and Costs.......................................................................................................... 15

        3.    Claimant's Federal Authorities Do Not Alter the Analysis or Conclusion. ................................................................................................ 18

    C.    If the Court Denies the Petition, It Must Confirm the Corrected Final Award. ................................................................................................................ 19

IV.   CONCLUSION .................................................................................................... 19

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

## TABLE OF AUTHORITIES

**Page**

CASES

*Abers v. Rohrs*,
217 Cal. App. 4th 1199 (2013) ...............................................................................12, 13

*Ajida Techs., Inc. v. Roos Instruments, Inc.*,
87 Cal. App. 4th 534 (2001) ..........................................................................................16

*Bosack v. Soward*,
586 F.3d 1096 (9th Cir. 2009)........................................................................................18

*Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*,
434 U.S. 412 (1978)..........................................................................................................8

*Cooper v. Lavely & Singer Prof'l Corp.*,
230 Cal. App. 4th 1 (2014) ............................................................................................17

*Countrywide Fin. Corp. v. Bundy*,
187 Cal. App. 4th 234 (2010) ........................................................................................14

*Heimlich v. Shivji*,
7 Cal. 5th 350 (2019) ...............................................................................................17, 18

*Law Offices of David S. Karton v. Segreto*,
176 Cal. App. 4th 1 (2009) ............................................................................................19

*Maplebear, Inc. v. Busick*,
26 Cal. App. 5th 394 (2018) ..........................................................................................14

*McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*,
686 F.2d 731 (9th Cir. 1982)..........................................................................................18

*Prima Donna Dev. Corp. v. Wells Fargo Bank, N.A.*,
42 Cal. App. 5th 22 (2019) ............................................................................................14

*Richey v. AutoNation, Inc.*,
60 Cal. 4th 909 (2015) ....................................................................................................15

*Rockefeller Tech. Investments (Asia) VII v. Changzhou SinoType Tech. Co.*,
9 Cal. 5th 125 (2020) ......................................................................................................11

*Rosenquist v. Haralambides*,
192 Cal. App. 3d 62 (1987)......................................................................................15, 16

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

3

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

*Sanchez v. Valencia Holding Co., LLC,*
    61 Cal. 4th 899 (2015) .................................................................................................11, 14

*SWAB Financial v. E\*Trade Securities,*
    150 Cal. App. 4th 1181 (2007) ............................................................................................14

*Valencia v. Smyth,*
    185 Cal. App. 4th 153 (2010) ..............................................................................................14

*Valsan Partners Limited Partnership v. Calcor Space Facility, Inc.,*
    25 Cal. App. 4th 809 (1994) .............................................................................................6, 16

*Williams v. Chino Valley Indep. Fire Dist.,*
    61 Cal. 4th 97 (2015) .............................................................................................................8

**STATUTES, RULES & REGULATIONS**

9 U.S.C. §§ 3, 4, 11 ....................................................................................................................14

9 U.S.C. §10 ....................................................................................................................... 14, 18

Cal. Rules of Court, Rule 3.1700 .................................................................................................9

Cal. Rules of Court, Rule 3.1700(a).....................................................................................16, 17

Code Civ. Proc. §§ 415.10, 415.20, and 415.30 ........................................................................12

Code Civ. Proc. § 1008 .............................................................................................................. 17

Code Civ. Proc. § 1286 ..............................................................................................................19

Code Civ. Proc. § 1286.2(4)........................................................................................................15

Code Civ. Proc. § 1286.4(a)........................................................................................................13

Code Civ. Proc. § 1290.4(a)........................................................................................................11

Code Civ. Proc. § 1290.4(b)...................................................................................................11, 12

Code Civ. Proc. § 1285.2 .......................................................................................................11, 19

Code Civ. Proc. § 1288 .........................................................................................................11, 12

JAMS Employment Arbitration Rule 24(k)................................................................................18

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

4

## I.    INTRODUCTION

On June 11, 2020, JAMS arbitrator, Hon. Cecily Bond (Ret.) ("Arbitrator Bond"), issued an award titled "Final Award" (hereafter, "Final Award"), in which she determined that Claimant Elizabeth Taska ("Claimant") failed to meet the burden of proof for all of her claims asserted against her former employer, Respondent The RealReal, Inc. ("TRR"), after she was terminated from the company.  In the Final Award, following full briefing from the parties on TRR's motion seeking attorneys' fees and costs, Arbitrator Bond awarded TRR $53,705.43 in fees and costs as the prevailing party upon finding that Claimant repeatedly offered false testimony and was "unreasonable," "vexatious" and "knew that her claims were meritless."  On June 29, 2020, Arbitrator Bond issued a Corrected Final Award (hereafter, "Corrected Final Award"), which corrected the amount for one cost and awarded TRR the sum of $73,756.43 for fees and costs.

Claimant has not paid anything to TRR.  Instead, she has attempted to avoid paying the fees and costs award by filing a meritless Petition to Vacate Arbitration Award ("Petition" or "Pet."). In her Petition, Claimant does *not* dispute Arbitrator Bond's determination that TRR is not liable for any of her claims.  Nor does she take issue with a single factual finding by the arbitrator— including the myriad instances where she was found to have lied under oath.  Even if Claimant were to prevail on this Petition (and she should not), the arbitrator's findings as to liability—and Claimant's perjury—would stand.

The Petition's focus is solely on Arbitrator Bond's award of fees and costs.  And even as to that issue, Claimant does not contend that TRR was not entitled to recover its fees and costs as the prevailing party under applicable law.  Nor does she take issue with the specific dollar amount awarded, including as corrected by the arbitrator. *All that Claimant challenges here is the timing of the arbitrator's award*.  She seeks to vacate the award of fees and costs in the Final (and Corrected Final) Award because of an initial award issued by Arbitrator Bond on April 3, 2020 (hereafter, "Initial Award"), in which she determined that TRR had no liability, but did not expressly award fees and costs to TRR.  After full briefing on the fees and costs issue, Arbitrator Bond issued the Final Award granting TRR its partial fees and costs.

Claimant's Petition fails to mention that the parties each submitted letter briefs on the very

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

5

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

issue in front of this Court of whether the Initial Award was "final," and ***Arbitrator Bond issued a ruling in which she concluded that her Initial Award was not "final."*** Significantly, in this ruling—which Claimant conspicuously failed to include with her Petition—Arbitrator Bond ruled in no uncertain terms that the Initial Award "was not final, in that the Arbitrator did not have the evidence necessary to make a ruling on [TRR's] Request."[1] She also found, "[TRR's] Motion could not have been filed until the merits of the case were decided. The Arbitrator clearly did not have all the documents needed to rule on [TRR's] request for costs before the Award was issued." Arbitrator Bond pointed out that Claimant had stated she intended to seek fees and costs, if she had prevailed. Accordingly, she ordered full briefing on TRR's motion and stated, "a Final Award will be issued thereafter."

This ruling, which Claimant would prefer to hide, resolves the narrow, procedural issue raised in the Petition, which argues only that the Final and Corrected Final Awards (although *not* the Initial Award) should be vacated on one of the few statutory grounds potentially available: that the arbitrator purportedly "exceeded her powers." Claimant's Petition is procedurally and substantively flawed, for two separate and independent reasons.

*First*, Claimant was required to—but did not—serve TRR with the Petition, in the same manner as a summons, and within 100 days from service of the Corrected Final Award. This 100-day deadline is jurisdictional. And it is now too late for Claimant to meet her deadline, which lapsed on October 7, 2020. This circumstance alone warrants dismissal of the Petition.

*Second*, in no way did the arbitrator exceed her powers. As Arbitrator Bond has already ruled, the Initial Award was *not* final. Indeed, it was titled "Award." By contrast, the Final Award was titled, "Final Award." Arbitrator Bond's explanation of her award is entitled to substantial deference. "Any doubts as to the meaning or extent of an arbitration award are for the arbitrators and not the court to resolve." *Valsan Partners Limited Partnership v. Calcor Space Facility, Inc.*, 25 Cal. App. 4th 809, 818 (1994). Arbitrator Bond's ruling, not Claimant's opinion, is the best authority on whether the Initial Award was final or not; this Court should not second-guess that determination.

---

[1] TRR has submitted this ruling. *See* concurrently filed Declaration of Kristopher S. Davis, Ex. D.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

To be sure, the Initial Award *could not have been final* in any event because neither side could have properly requested fees and costs until Arbitrator Bond first determined the threshold issue of liability. After she did, TRR was then able to make its request supported by the arbitrator's factual findings and evidence of the costs incurred and hours and hourly rates of its counsel. In short, the issue of fees and costs only became ripe *after* the Initial Award. As Arbitrator Bond ruled, she did not previously have the evidence necessary to make a ruling on that issue. Because the Initial Award was not and could not have been final, Claimant's arguments and citations, which involve revisions or modifications to a *final* award, are inapposite and misplaced. There is no statutory basis to vacate the awards.

For these reasons, and those set forth below, Claimant's Petition should either be dismissed or denied. If denied, the Corrected Final Award should be confirmed.

## II.    BACKGROUND

Claimant's Petition does not provide an overview of the relevant background facts, including the underlying arbitration, the arbitrator's rulings and awards, and the circumstances surrounding her service of the Petition. Accordingly, TRR does so here.

### A.    Claimant's Employment with TRR and Arbitration Agreement

Claimant was previously employed by TRR as the Senior Vice President of Human Resources. *See* June 29, 2020 Corrected Final Award (Declaration of Meghan F. Loisel ("Loisel Decl."), Ex. D) at 4. In connection with her employment, she entered into a Mutual Arbitration Agreement ("Agreement") with TRR, in which she agreed to, among other things, resolve by binding arbitration any disputes related to her employment or termination of employment with TRR. *See* Agreement (Loisel Decl., Ex. E) at 1. The Agreement states that it "is enacted pursuant to the Federal Arbitration Act" ("FAA"), that any arbitration would be conducted by JAMS in accordance with its operative Employment Arbitration Rules and Procedures, and that the arbitrator may award reasonable attorneys' fees and costs to the prevailing party consistent with applicable law. *Id.* at 2.

### B.    Claimant's Termination from TRR and Arbitration Demand

Following her termination from TRR for performance issues, Claimant initiated an

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

7

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

arbitration proceeding with JAMS pursuant to the Agreement, claiming wrongful termination and retaliation by TRR in alleged violation of certain California Government Code and Labor Code provisions. Corrected Final Award at 2. Claimant and TRR participated in an arbitration hearing before Arbitrator Bond at the JAMS Resolution Center in San Francisco, CA. *Id.* at 1.

Following the hearing, Claimant and TRR each submitted a Post-Hearing Brief. In Claimant's Brief, she requested an award of attorneys' fees and costs, if she prevailed. *See* Claimant's Post-Hearing Brief (Declaration of Kristopher S. Davis ("Davis Decl."), Ex A) at 38. Claimant's request in her Post-Hearing Brief was a placeholder, however; she stated that she would "file a petition for attorneys' fees and costs *upon a liability finding*." *Id.* (emphasis added); *see also id.* (requesting attorneys' fees and costs in "*amounts to be determined in a separate fee motion*") (emphasis added). Claimant's Petition fails to mention her Post-Hearing Brief, much less her own request for fees and costs. Pet. at 2-3.

Similarly, TRR's Post-Hearing Brief included a short placeholder request for an award of its fees and costs under the standards set forth in *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 420-21 (1978) and *Williams v. Chino Valley Indep. Fire Dist., 61 Cal. 4th 97, 115 (2015)*, which permit such an award to a prevailing defendant where the claims are found "unreasonable, frivolous, meritless, or vexatious." TRR's Post-Hearing Brief (Davis Decl., Ex. B) at 33. TRR did not, however, request any specific *amount* of fees and costs or include any evidence in support of its general request, as Arbitrator Bond had yet to make a liability finding. *Id.*

**C.    The Arbitrator's Initial Award**

On April 3, 2020, Arbitrator Bond issued a document titled "Award." *See* Initial Award (Loisel Decl., Ex. B) at 1. In the Initial Award, the Arbitrator concluded that Claimant failed to meet her burden of proof for her claims and that TRR "established a legitimate business reason for her termination—failure to collaborate and/or effectively lead the HR department." *Id.* at 12. With respect to the issue of attorneys' fees and costs, the Initial Award stated, "Although [Claimant] did not carry her burdens of proof, her claims were not frivolous or meritless." Initial Award at 12.

**D.    TRR's Motion for Attorneys' Fees and Costs**

On April 15, 2020, TRR submitted a "Motion for a Partial Cost Award" (hereafter, "Fee

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02                                8
THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

Motion"). *See* Fee Motion (Davis Decl., Ex. C) at 1. As Claimant herself intended to do had she prevailed, TRR submitted a separate Fee Motion upon the Arbitrator's decision that TRR was not liable for the claims alleged. Unlike TRR's prior, placeholder request for fees and costs, the Fee Motion consisted of a standalone motion, supported by specific evidence, including (1) a declaration of TRR's counsel outlining relevant attorney hours and billing rates; and (2) an itemized memorandum of costs. *Id.* at 6-7, 13-14.[2] As TRR argued in the Fee Motion, although it previously included a placeholder request in its Post-Hearing Brief, it "could not move for costs and fees in a fulsome way without the Arbitrator's findings. The cart could not be put before the horse." *Id.* at 2. Thus, TRR now grounded its request upon the Arbitrator's *actual findings* in the Initial Award. *Id.*

**E.      Arbitrator Bond Ruled that the Initial Award Was *Not* "Final"**

Claimant objected to TRR's Fee Motion on the grounds that Arbitrator Bond lacked authority to consider the Motion or issue a further award. *See* Pet. at 1 (discussing Claimant's objection). The parties subsequently submitted letter briefs on this very issue before this Court, and, on April 23, 2020, Arbitrator Bond issued her ruling. *See* Apr. 23, 2020 Ruling on Respondent's Motion for a Partial Cost Award (Davis Decl., Ex. D). Arbitrator Bond specifically addressed whether the Initial Award "was a 'Final Award' with respect to the issue of a request for fees and costs" and ruled that the Initial Award "was *not* final, in that the *Arbitrator did not have the evidence necessary to make a ruling on [TRR's] Request*." *Id.* at 1 (emphasis added). Arbitrator Bond further reasoned:

> [TRR's] Motion could not have been filed until the merits of the case were decided. The Arbitrator clearly did not have all the documents needed to rule on [TRR's] request for costs before the Award was issued[.] A Final Award should consider and decide all questions presented based on the evidence necessary to decide the issue.

*Id.* The Arbitrator noted that Claimant had "stated that she intended to seek attorneys' fees and costs if she prevailed" and TRR, "who did prevail timely filed its [Fee] Motion." *Id.* (citing Cal. Rules of Court, Rule 3.1700 requiring cost applications to be filed within 15 days after a judgment).

---

[2] Accordingly, Claimant's conclusory assertion that TRR's Fee Motion "raised no new facts or evidence," (Pet. at 3) is baseless.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

9

Thus, the Arbitrator concluded that she would consider TRR's Fee Motion, as well as Claimant's opposition and TRR's reply, and "a Final Award will be issued thereafter." *Id.* at 2.

**F.    The Arbitrator's Final Award and Corrected Final Award**

On June 11, 2020, following full briefing by the parties on TRR's Fee Motion, Arbitrator Bond issued a "Final Award." *See* Final Award (Loisel Decl., Ex. C). The Final Award includes a section addressing TRR's Fee Motion which reiterates the Arbitrator's determination "that the Award served on April 3, 2020 was not a Final Award." *Id.* at 14. The Final Award then stated, "The Arbitrator has reviewed the briefing filed, as well as many cases where costs and fees were awarded to successful defendants, and concludes that in this case the repeated and substantial failure of Claimant to testify truthfully, established that the conduct of the trial (arbitration) was unreasonable, meritless, frivolous and vexatious and justifies awarding [TRR] a portion of their fees and costs." *Id.* at 14-15. The Arbitrator outlined numerous instances throughout the arbitration where Claimant offered false testimony. *Id.* at 15-16. From this, Arbitrator Bond concluded "that during the hearing and in the discovery process, Claimant was unreasonable, vexatious and knew that her claims were meritless." *Id.* at 16. The Arbitrator next considered whether Claimant had the ability to pay the requested fees and costs—and concluded that she did. *Id.* at 17. Finally, Arbitrator Bond analyzed (1) the specific fees requested, including an analysis of each of TRR's counsel's hours spent and hourly rates; and (2) the specific costs requested, including an assessment of each itemized cost and whether it was allowable. *Id.* at 17-18. In the Final Award, the Arbitrator awarded TRR a total of $53,705.43 in fees and costs. *Id.* at 19.

On June 29, 2020, the Arbitrator issued the Corrected Final Award, which fixed a numerical error in the Final Award as to the amount of court reporter costs awarded. *See* Corrected Final Award at 21 (noting Final Award awarded half of requested $40,102 because parties agreed to split court reporter costs, but TRR timely sought to correct this error because $40,102 *was* half of the total cost). Applying this correction, the Corrected Final Award awarded TRR a total of $73,756.43 in fees and costs. *Id.*

**G.    Claimant's Improper Service of the Petition**

JAMS served the Corrected Final Award on the parties on June 29, 2020. Corrected Final

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

10

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

Award at 22 (Proof of Service).  On October 6, 2020, Claimant filed in this Court her Petition. Claimant, however, did *not* serve the Petition on TRR.  *See* Claimant's Proof of Service.  Instead, on October 6, 2020, Claimant's counsel emailed the Petition to TRR's outside counsel.  *Id.* Claimant's Proof of Service references a purported "agreement of the parties" for electronic service. *Id.*  But TRR had no agreement with Claimant regarding service of the Petition and no such agreement exists.  Davis Decl. ¶ 7.

## III.    ARGUMENT

**A.    The Court Should Dismiss the Petition Because Claimant Failed to Serve TRR By the Statutory Deadline.**

The Petition requires dismissal by this Court.  *See* Code Civ. Proc. § 1285.2 ("A response to a petition [to vacate an award] may request the court to dismiss the petition . . . .").  Although Claimant timely *filed* the Petition, she failed to *serve* TRR on time or, indeed, at all.

**1.    Claimant Is Required to Serve TRR with the Petition in the Same Manner as a Summons.**

Under Code of Civil Procedure section 1288,[3] "A petition to vacate an award . . . shall be *served* and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (Emphasis added.)[4]  The petition "shall be served in the manner provided in the arbitration agreement for the service of such petition and notice."  § 1290.4(a).  However, if the "arbitration agreement does not provide the manner in which such service shall be made and the person upon whom service is to be made has not previously appeared in the proceeding and has not previously been served in accordance with this subdivision: (1) Service within this State shall be made *in the manner provided by law for the service of summons* in an action."  § 1290.4(b) (emphasis added).  Indeed, the Supreme Court of California recently reaffirmed this rule: "If an arbitration agreement fails to specify a method of service, the statutory service requirements of section 1290.4, subdivisions (b) or (c) would apply."  *Rockefeller Tech. Investments (Asia) VII v.*

---

[3] All further statutory references are to the Code of Civil Procedure, unless otherwise specified.
[4] Although the parties' arbitration agreement states that it was formed pursuant to the FAA, federal law does not preempt California's procedural requirements for petitions filed in California state court.  *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 922 (2015) (stating that even where an arbitration agreement provides that it is to be governed by the FAA, the CAA's procedures generally apply in California state courts).

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

*Changzhou SinoType Tech. Co.*, 9 Cal. 5th 125, 145 (2020).

Here, the parties' Arbitration Agreement does not specify any manner of service for a petition to confirm or petition to vacate the arbitration award; the Agreement is silent on this subject. *See* Agreement. TRR has not previously appeared in this proceeding—this Response constitutes its first appearance—and it has not previously been served by Claimant with any Petition. Davis Decl. ¶ 6. Consequently, Claimant was required to serve TRR with the Petition "in the manner provided by law for the service of summons in an action." § 1290.4(b).

### 2.    Claimant Did Not Properly Serve TRR with the Petition.

Claimant failed to properly serve TRR. The statutes that specify the only available methods for service of a summons in California—e.g., personal delivery, substituted service, service by mail accompanied by notice and acknowledgment of receipt, or service by publication—do *not* permit such service via email. *See* §§ 415.10, 415.20, 415.30. Nor do these statutes allow for service on an attorney for a party, rather than a party. *Id.*

Here, however, that is precisely how Claimant purportedly served the Petition. Claimant transmitted the Petition on October 6, 2020 (1) by email only; and (2) to counsel for TRR only. *See* Claimant's Proof of Service. Such attempted "service" is inadequate and violates section 1290.4(b).

### 3.    The Deadline for Claimant to Properly Serve TRR with the Petition Has Lapsed.

Code of Civil Procedure section 1288 imposes a mandatory 100-day deadline for filing *and* service of a petition. *See Abers v. Rohrs*, 217 Cal. App. 4th 1199, 1203 (2013) (stating 100-day deadline "operates in the same manner as the deadline for filing an appeal, and the court loses jurisdiction to vacate the award if the petition is not timely served *and* filed.") (emphasis added); *see also id.* at 1211 ("the 100–day limitation for a petition to vacate an arbitration award is jurisdictional").

Here, the 100-day deadline expired. On June 29, 2020, JAMS served the Corrected Final Award on the parties. Corrected Final Award at 22. Thus, Claimant had until October 7, 2020 to properly serve the Petition on TRR. She failed to do so (and still has not done so). Davis Decl. ¶ 6.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

12

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

**4.      The Petition Should Be Dismissed.**

*Abers* is controlling precedent that this Court has *no jurisdiction* to rule on the Petition—other than to dismiss it.  *See Abers*, 217 Cal. App. 4th at 1203, 1211.  In *Abers*, the parties' arbitration agreement did not specify a manner of service, so the lower court determined that the petition had to be served in the same manner as a summons. *Id.* at 1207-08.  However, the claimants did not properly serve the respondents in this manner; instead, claimants sent the petition by mail to respondents' attorneys in the arbitration. *Id.* at 1204.  After that, the 100-day deadline passed. *Id.* Accordingly, the trial court dismissed the improperly-served petition, and the ruling was upheld on appeal.

Significant to the situation here, the *Abers* court reasoned, "The requirements for service are established by statute, and equity does not prohibit a party from demanding adherence to those legal requirements." *Id.* at 1203.  Further, "Merely providing a party with notice that a petition has been filed does not establish personal jurisdiction." *Id.*  The court rejected the claimants' argument that the parties' "course of dealing over seven years of litigation in which counsel accepted mail service" should lead to a different result.  As the court observed, the claimants had filed their petition in a *new action* under a *new case number*, *id.* at 1204, and "initial service of process on a party and the mere provision of notice [after a party's appearance] are not the same thing." *Id.* at 1209 (emphases added).

Under *Abers*, Claimant's Petition should be dismissed for failure to properly serve TRR by the statutory, jurisdictional deadline.  Claimant's attempted service by email, on TRR's counsel, does not suffice.  TRR had no agreement with Claimant regarding service of the Petition.  Davis Decl. ¶ 7.  Thus, the default service requirements of the Code of Civil Procedure apply.  The Proof of Service's reference to a purported "agreement of the parties" for electronic service does not alter that conclusion.  As *Abers* holds, any service agreement in the underlying arbitration does not and cannot carry over into the present action seeking to vacate the award, which, like in *Abers*, was initiated by Claimant's filing of a Petition in a new, distinct court proceeding.  Because Claimant failed to serve the Petition on TRR in the same manner as a summons, and by the statutory deadline, the Petition should be dismissed.  *See* § 1286.4(a) ("The court may not vacate an award unless: (a)

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02                                    13

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

A petition . . . requesting that the award be vacated has been duly served and filed."); *see also Maplebear, Inc. v. Busick*, 26 Cal. App. 5th 394, 401 (2018) (noting "dismissal of a petition to vacate is the appropriate action when (as here) the trial court determines that it lacks jurisdiction to hear the petition.").

**B.      Alternatively, the Court Should Deny the Petition Because There Are No Grounds to Vacate the Corrected Final Award.**

Even if the Court were to consider the merits of the Petition, the Petition should be denied. Claimant offers no basis under California or federal law to vacate the Corrected Final Award or Final Award.

**1.      California Law Applies.**

Claimant primarily argues her position under California law.  Where, as here, an arbitration agreement is enacted pursuant to the FAA, and thus its enforcement is determined under federal law, the California Arbitration Act's ("CAA") procedural rules generally still apply in California state courts.  *See Sanchez*, 61 Cal. 4th at 922.  Thus, California law applies to the question here of whether the Corrected Final Award may be vacated.  Numerous cases are in accord.  *See, e.g.*, *Valencia v. Smyth*, 185 Cal. App. 4th 153, 177 (2010) ("the FAA's procedural provisions do not apply in state court *unless* the parties expressly adopt them"; CAA's procedural statutes "apply by default because Congress intended the comparable FAA sections (9 U.S.C. §§ 3, 4, 10, 11) to apply in federal court."); *Countrywide Fin. Corp. v. Bundy*, 187 Cal. App. 4th 234, 246 (2010) ("When determining whether to vacate an arbitrator's award, California state courts do not apply the [FAA] vacatur provisions."); *SWAB Financial v. E*Trade Securities*, 150 Cal. App. 4th 1181, 1195 (2007) (stating the FAA "does not preempt California's statutory grounds for vacating an arbitration award," and "California courts are not required to apply [9 U.S.C. § 10], which governs vacating arbitration awards under the [FAA]."); *see also Prima Donna Dev. Corp. v. Wells Fargo Bank, N.A.*, 42 Cal. App. 5th 22, 45-46 (2019) (affirming order denying petition to vacate arbitration award, and applying California law to the question whether the arbitrator exceeded his powers, notwithstanding arbitration agreement's provision it would be governed by FAA).[5]

---

[5] Claimant, however, also includes arguments under federal law, which TRR addresses *infra*. Claimant's position lacks merit under either standard.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

**2.     The Arbitrator Did Not "Exceed Her Powers" by Issuing the Final Award and Corrected Final Award to Award TRR its Fees and Costs.**

Initially, Claimant bears the burden to demonstrate a basis to vacate an arbitration award. "[C]ourts must indulge every reasonable intendment to give effect to arbitration proceedings. The burden is thus upon the party attacking the award to affirmatively establish the existence of error by a proper record." *Rosenquist v. Haralambides*, 192 Cal. App. 3d 62, 67 (1987). Here, Claimant's sole basis for her Petition is that supposedly the "arbitrator[] exceeded [her] power[] and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." § 1286.2(4). Arbitrator Bond did not "exceed her powers."

California case law generally explains that "[a]rbitrators exceed their power by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." *Richey v. AutoNation, Inc.*, 60 Cal. 4th 909, 916 (2015). Claimant does not contend anything of the sort here. Claimant simply contends that because the Initial Award did not award fees and costs to TRR, Arbitrator Bond lacked the power to award fees and costs to TRR in the Final Award (and Corrected Final Award). This argument fails, however, for three reasons.

*First*, the Initial Award was not a "final" Award. It was titled, "Award," and as Arbitrator Bond expressly ruled, the Initial Award "was *not* final, in that the *Arbitrator did not have the evidence necessary to make a ruling on [TRR's] Request*." Apr. 23, 2020 Ruling on Respondent's Motion for a Partial Cost Award at 2 (emphasis added). Arbitrator Bond reasoned that TRR's Fee Motion "could not have been filed until the merits of the case were decided," and she "clearly did not have all the documents needed to rule on [TRR's] request for costs before the [Initial] Award was issued." *Id.* The Arbitrator stated that upon considering TRR's Fee Motion, "a Final Award will be issued thereafter." *Id.* Subsequently, in both the Final Award and Corrected Final Award, Arbitrator Bond decisively reiterated that the Initial Award was *not* final. *See* Final Award at 14; Corrected Final Award at 15.

Arbitrator Bond's explanation of her award is entitled to substantial deference. "Any doubts as to the meaning or extent of an arbitration award are for the arbitrators and not the court to

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02                              15

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

resolve." *Valsan Partners Limited Partnership*, 25 Cal. App. 4th at 818. *See also Ajida Techs., Inc. v. Roos Instruments, Inc.*, 87 Cal. App. 4th 534, 542 (2001) ("courts should generally defer to an arbitrator's finding that determination of a particular question is within the scope of his or her contractual authority. . . . [W]e apply a rule of substantial deference to the arbitrators' jurisdictional determinations.") (citations and quotation marks omitted). Arbitrator Bond is best suited to determine whether her Initial Award was final; this Court should defer to her on this issue.

*Second*, despite Arbitrator Bond's express ruling that the Initial Award was not final, it could not have been final in any event. In both parties' Post-Hearing Briefs, they argued entitlement to fees and costs, if they prevailed. Claimant stated that she would "file a petition for attorneys' fees and costs *upon a liability finding*" and requested fees and costs in "*amounts to be determined in a separate fee motion*." Claimant's Post-Hearing Brief at 38 (emphasis added). Claimant's current position—that the arbitrator lacked authority to rule on TRR's Fee Motion—runs directly contrary to her own stated intention to file such a post-award motion. Moreover, TRR's Fee Motion could not have been filed prior to the Initial Award; there had to be a liability finding, factual findings supporting the request, and evidence to support the amounts of fees and costs. Although the parties had submitted placeholder requests prior to the Initial Award, neither side had identified—or could have identified—with any specificity the categories and amounts of costs sought or the factual basis for the amount of fees. TRR's Fee Motion made arguments based on the Arbitrator's factual findings and provided the requisite evidence to rule on the request, including a memorandum of costs and attorney declaration outlining the hours spent and reasonable rates. As the Arbitrator's Ruling made clear, this evidence was not previously before her. And as Claimant's brief demonstrates, she too intended to follow this procedure, which is common in arbitration. *See Rosenquist*, 192 Cal. App. 3d at 67 ("The procedure for determining the amount in fees to be paid ordinarily follows the decision as to who is the prevailing party. To do otherwise would require both sides to file all of their documentation in support of attorney fees prior to the decision of the arbitrator on the merits of the dispute.").[6] In short, the time to file TRR's Fee Motion was not ripe

---

[6] This is consistent with the Rules of Court. TRR's Fee Motion was submitted on April 15, 2020, less than 15 days from the April 3 Initial Award, and thus is consistent with Rule 3.1700(a) of the California Rules of Court, which permits a prevailing party seeking costs to do so within 15 days

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02                                                          16

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

until Arbitrator Bond determined the threshold question of liability. Thus, the Initial Award could not have been "final" on that issue.

*Third*, because the Initial Award was not "final," Arbitrator Bond did not "revise" a "final" award and Claimant's heavy reliance on *Cooper v. Lavely & Singer Prof'l Corp.*, 230 Cal. App. 4th 1 (2014) is misplaced. There, the arbitrator issued a final award—titled "Final Award"—that denied a party's request for attorneys' fees and costs. Then, upon that party's motion that, in part, sought reconsideration under Section 1008, the arbitrator issued a revised final award—titled "Revised Final Award"—that now included a fee award on grounds that relief was proper under section 1008. *Id.* at 5, 8-9. On review of the trial court's order denying a petition to vacate, the *Cooper* court reversed, holding that the arbitrator exceeded his powers in both "modifying the final award" and "issuing the revised final award." *Id.* at 5, 10. Central to the Court's analysis were its observations that "the arbitrator expressly identified the final award as his 'Final Award,'" and "[n]ot even in ruling that the final award was subject to reconsideration did the arbitrator suggest that it was merely an interim award." *Id.* at 19.

*Cooper* thus contains at least five key factual differences not present here: (1) the first award was titled "final award," not simply "award"; (2) the second award was titled "revised," not "final award"; (3) the arbitrator's decision to issue the "revised" award was grounded in the reconsideration procedure of section 1008, rather than an express determination by the arbitrator that the first award was not "final"; (4) the arbitrator did not rule that the "final" award was not "final"; and (5) the arbitrator sought to modify a "final" award. Further, because the arbitrator did not expressly rule on the finality of his "final award," the *Cooper* court had no occasion to address whether the arbitrator's characterization of his actions was entitled to deference. Here, as noted, binding authority requires that the Court employ that deference. Accordingly, the Court should

---

*after* notice of entry of judgment. In *Heimlich v. Shivji*, 7 Cal. 5th 350 (2019), the Supreme Court of California analogized to Rule 3.1700(a) to hold that "a request for costs under section 998 is timely if filed with the arbitrator within 15 days of a final award. In response to such a request, an arbitrator has authority to award costs to the offering party." *Id.* at 356, 361. Although the case involves a section 998 offer that is not present here, the *Heimlich* court's reliance on Rule 3.1700(a)—to permit costs request after a *final* award—strongly supports the timing and validity of TRR's Fee Motion submitted after the Initial Award.

17

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

find that Arbitrator Bond did not exceed her powers.[7]

### 3.    Claimant's Federal Authorities Do Not Alter the Analysis or Conclusion.

Claimant cites two federal cases as purported additional authority for her position.[8]  Neither case supports her Petition.

Claimant cites *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731 (9th Cir. 1982), quoting its statement that it would "not be appropriate for the arbitrator to consider such [new] evidence and then redetermine the issues originally submitted to him."  *Id.* at 733.  Claimant mischaracterizes the opinion and argues that "under the FAA, an arbitrator may not revise an arbitration award after it is . . . sent."  Pet. at 5.  Read in context, however, the "new" evidence in *McClatchy* became available *eight months* after the arbitration, and the arbitrator's ruling at issue consisted of a refusal to "reopen the proceedings."  *Id.* at 733.  The court upheld the arbitrator's ruling, reasoning that a "retrial" would be inappropriate under the circumstances.  *Id.*  *McClatchy* has no relevance here.

Next, Claimant cites both *McClatchy* and *Bosack v. Soward*, 586 F.3d 1096 (9th Cir. 2009) for the suggestion that once an arbitrator has issued a final award, he is "*functus officio*."  *See* Pet. at 5-6.  The California Supreme Court recently discussed this doctrine in *Heimlich v. Shivji*, 7 Cal. 5th 350 (2019), however, and held that the rule is "not so rigid."  *Id.* at 362-63 ("The doctrine applies only after the arbitrator's assigned duties have ended."); *see also id.* at 363 ("issuance of an award does not immediately and automatically terminate an arbitrator's powers").  And furthermore, *Bosack* actually supports TRR's position.  The court adopted the rule that an award "may be deemed final for *functus officio* purposes if the award states it is final, *and* if the arbitrator intended the award to be final."  *Bosack v. Soward*, 586 F.3d at 1103 (emphasis added).  Here, the Initial Award was neither called "final" nor intended to be such, thus lending further support for

---

[7] Claimant further argues that JAMS' Employment Arbitration Rule 24(k) did not provide authority for Arbitrator Bond to issue the Final Award.  Pet. at 6-7.  However, she did not rely on Rule 24(k) in either her April 23, 2020 Ruling or the Final Award.

[8] Section 10 of the FAA does not apply here for the reasons discussed *supra*, although the statutory scheme for review of awards is analogous.  The FAA similarly permits a court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02                                                  18

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

TRR's argument that Arbitrator Bond retained authority to issue the Final Award.

**C.**    **If the Court Denies the Petition, It Must Confirm the Corrected Final Award.**

The Court should dismiss the Petition for the reasons discussed *supra*.  But if the Court reaches the merits, it should deny the Petition and confirm the Corrected Final Award.  *See Cal. Code Civ. Proc.* § 1285.2 ("A response to a petition [to vacate an award] may request the court to dismiss the petition or to confirm . . . the award.").  Indeed, under section 1286, "the court shall confirm the award" if it does not vacate or correct it, or otherwise dismiss the proceeding.  *See also Law Offices of David S. Karton v. Segreto*, 176 Cal. App. 4th 1, 8-9 (2009) (court considering petition to vacate must confirm arbitration award if it does not vacate it, correct it, or dismiss petition).  Because Claimant fails to identify any basis to vacate it, the Court should either dismiss the proceeding or otherwise deny the Petition, then confirm the Corrected Final Award.

## IV.    CONCLUSION

For the foregoing reasons, Claimant's Petition should be dismissed or denied.  If denied, the Corrected Final Award should be confirmed.[9]

Dated:  October 16, 2020

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By:_____*/s/ Kristopher S. Davis*_____
        Kristopher S. Davis
        Matthew J. Adler

Attorneys for Respondent
THE REALREAL, INC.

---

[9] Lastly, Claimant's shameless attempt to disparage TRR or its CEO is inappropriate and completely irrelevant to the merits of the Petition.  Pet. at 3, 7 n.5.   It is particularly brazen given that Arbitrator Bond expressly found that Claimant repeatedly lied throughout the arbitration and was unreasonable, vexatious and knew that her claims were meritless.  Final Award at 14-16.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

19

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Faegre Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On **October 16, 2020**, I served the foregoing document described as: **RESPONDENT THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT ELIZABETH TASKA'S PETITION TO VACATE ARBITRATION AWARD** on the interested parties in this action as follows:

> David A. Lowe, Esq.
> E-Mail: dal@rezlaw.com
> Michelle G. Lee, Esq.
> E-Mail: mgl@rezlaw.com
> Meghan F. Loisel, Esq.
> E-Mail: mfl@rezlaw.com
> RUDY, EXELROD, ZIEFF & LOWE, LLP
> 351 California Street, Suite 700
> San Francisco, CA 94104
> Tel: (415) 434-9800 / Fax: (415) 434-0513

__X__ **By eSERVICE** (I affected electronic service of the foregoing document on the persons listed above by submitting an electronic version of the document to First Legal Support Services, through the user interface at efiling@firstlegal.com. My eService address is shanta.teekah@faegredrinker.com.)

_____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

__X__ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____ **By E-MAIL OR ELECTRONIC TRANSMISSION**

_____ **By FAX TRANSMISSION**

__X__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **October 16, 2020**, at Los Angeles, California.

SHANTA TEEKAH                                    *S Teekah.*
Name                                             Signature

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.125207285.02

THE REALREAL, INC.'S RESPONSE IN OPPOSITION TO CLAIMANT'S PETITION TO VACATE ARBITRATION AWARD