# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SANDERS, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE REALREAL, INC., *et al.*,<br><br>    Defendants. | Case No: 5:19-cv-07737-EJD<br><br>CLASS ACTION |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated as of November 5, 2021 (together with all Exhibits hereto, "Stipulation"), which is entered into by Lead Plaintiff Michael Sanders and named plaintiffs Nubia Lorelle and Garth Wakeford ("Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendant The RealReal, Inc. ("TRR" or "Company"); Defendants Julie Wainwright, Matt Gustke, Steve Lo, Chip Baird, Maha Ibrahim, Rob Krolik, Michael Kumin, Stefan Larsson, Niki Leondakis, and James Miller ("Individual Defendants"); and Defendants Credit Suisse Securities (USA) LLC, BofA Securities, Inc., UBS Securities LLC, KeyBanc Capital Markets Inc., Stifel, Nicolaus & Company, Cowen and Company, LLC, and Raymond James & Associates, Inc. ("Underwriter Defendants," and collectively with TRR and the Individual Defendants, "Defendants"), through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Parties, and is intended by the Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Northern District of California ("Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Paragraph 1 below.

1

**WHEREAS:**

**A.      Procedural History of the Action**

This Action was commenced on November 25, 2019, alleging violations of §§ 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"). Dkt. No. 1. On January 24, 2020, Michael Sanders moved for appointment as lead plaintiff and approval of lead counsel. Dkt. No. 8. On February 12, 2020, the Court granted the motion and appointed Michael Sanders as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel. Dkt. No. 27.

On March 31, 2020, Plaintiffs filed an amended complaint, alleging two sets of claims: (1) under Section 11 and 15 of the Securities Act ("Securities Act Claims"); and (2) claims under Section 10(b) and 20(a) of the Exchange Act of 1934 ("Exchange Act") ("Exchange Act Claims"). Dkt. No. 31. TRR and the Individual Defendants filed a motion to dismiss the Amended Complaint on May 15, 2020, which the Underwriter Defendants joined. Dkt. Nos. 32 and 35. The motion to dismiss was fully briefed on July 30, 2020. Dkt. No. 40. On March 31, 2021, the Court granted the motion to dismiss with respect to the Exchange Act Claims and some of the Securities Act Claims, but denied the motion to dismiss with respect to the remaining Securities Act Claims. Dkt. No. 43. The Court also granted Plaintiffs leave to amend. *Id.*

Plaintiffs filed the Second Amended Complaint on April 30, 2021, again alleging claims under both the Securities Act and Exchange Act. Dkt. No. 46. On May 25, 2021, the Parties filed a stipulation and proposed order, which the Court entered, staying the Underwriter Defendants' time to answer the Second Amended Complaint until after an order on TRR and the Individual Defendants' contemplated motion to dismiss the Second Amended Complaint. Dkt. Nos. 47 and 48. On June 14, 2021, TRR and the Individual Defendants moved to dismiss the Exchange Act Claims in the Second Amended Complaint. Dkt. No. 52. On July 28, 2021, the Parties filed a stipulation and proposed order, which the Court entered, staying the remaining motion deadlines because the Parties had agreed in principle to a settlement. Dkt. Nos. 55 and 56.

**B.      The Settlement**

The Parties participated in an all-day private mediation before the Honorable Layn R. Phillips (Ret.) on June 28, 2021. In connection with the mediation, the Parties exchanged detailed

mediation statements. Although the Parties were unable to resolve the matter at the mediation, they continued settlement discussions under Judge Phillips's guidance over the following weeks. Eventually, Judge Phillips proposed, and the Parties accepted, a mediator's proposal to resolve the Action. The Parties reached an agreement in principle and executed a term sheet on July 26, 2021 to resolve the Action. This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action under the terms specified herein.

### C.    Plaintiffs' Assessment of the Claims and Benefits of Settlement

Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs recognize, however, the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs also understand the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, including on motions for summary judgment, a motion for class certification, and at trial. Plaintiffs and Lead Counsel have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

### D.    Defendants' Denials of Wrongdoing and Liability

Defendants have denied and continue to deny each and all of the claims asserted in the Action and expressly deny, *inter alia*, that Defendants have engaged in any wrongdoing, including, without limitation, that their public statements were false or misleading; that they have committed any violations of law or breaches of duty to Plaintiffs, TRR shareholders, or anyone else, or aided and abetted the same; that they failed to disclose any material information to investors; that they acted in any deceitful manner or otherwise with the requisite scienter; and that any investment losses sustained by Plaintiffs and the Settlement Class were caused by Defendants' alleged misconduct. Defendants continue to believe that the claims asserted against them in the Action are without merit, that their public statements during the Settlement Class Period contained no material misstatements or omissions, and that they otherwise complied with

3

all applicable rules, regulations, and laws. Defendants continue to deny liability and this Settlement shall not constitute an admission of liability or wrongdoing.

Nonetheless, taking into account the uncertainty and risks, expense, length of time, and business distraction, among other things, inherent in any litigation, especially in complex securities cases such as this Action, Defendants have concluded that further litigation of the Action could be protracted, burdensome, and expensive, and that it is desirable and beneficial that the claims asserted in the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs (individually and on behalf of the Settlement Class), and Defendants, by and through their respective undersigned counsel, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

**1.    Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1    "Action" means the putative class action titled *Sanders v. The RealReal, Inc., et al.,* Case No. 5:19-cv-07737-EJD (N.D. Cal.).

1.2    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing of the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees.

4

1.3 "Authorized Claimant" means any member of the Settlement Class who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

1.4 "Business Day" means any day except a Saturday or Sunday or other day on which national banks are authorized by law or executive order to close in the State of California.

1.5 "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.6 "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action, and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.7 "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

1.8 "Compensatory Award" means the requested reimbursement to Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Plaintiffs' representation of the Settlement Class in the Action.

1.9 "Court" means the United States District Court for the Northern District of California.

1.10 "Defendants" means The RealReal, Inc., Julie Wainwright, Matt Gustke, Steve Lo, Chip Baird, Maha Ibrahim, Rob Krolik, Michael Kumin, Stefan Larsson, Niki Leondakis, and James Miller, Credit Suisse Securities (USA) LLC, BofA Securities, Inc., UBS Securities LLC, KeyBanc Capital Markets Inc., Stifel, Nicolaus & Company, Cowen and Company, LLC, and Raymond James & Associates, Inc.

1.11    "Defendants' Counsel" means King & Spalding LLP and Paul Hastings LLP.

1.12    "Effective Date" shall have the meaning set forth in ¶ 11.1 of this Stipulation.

1.13    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent at the Huntington National Bank. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court, provided that, unless this Stipulation otherwise permits, no amount shall be withdrawn from the Escrow Account prior to the Effective Date absent written approval of Defendants or their counsel, or an order of the Court after notice to Defendants.

1.14    "Escrow Agent" means the Huntington National Bank. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.15    "Final," when referring to the Final Judgment, means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects and is not subject to further review on appeal or by *certiorari* or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement, or affect its terms, or shall affect or delay the date on which the Final Judgment becomes Final.

1.16    "Final Judgment" means the order and final judgment to be entered by the Court finally approving the Settlement, materially in the form attached hereto as Exhibit B.

1.17    "Lead Counsel" means The Rosen Law Firm, P.A.

1.18    "Long Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1.

6

1.19    "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Awards (as defined below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses; (iv) any Compensatory Award; and (v) other fees and expenses authorized by the Court.

1.20    "Notice" means collectively the Long Notice and the Summary Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1 and A-3, respectively, on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.21    "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.22    "Party" means any one of, and "Parties" means all of, Plaintiffs (on behalf of themselves and the Settlement Class) and Defendants.

1.23    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.24    "Plaintiffs" means Lead Plaintiff Michael Sanders and named plaintiffs Nubia Lorelle and Garth Wakeford.

1.25    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.26    "Preliminary Approval Order" means the order certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and directing notice thereof to the Settlement Class, substantially in the form of the proposed order attached hereto as Exhibit A.

1.27   "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.28   "Related Parties" means, with respect to each Released Party, the immediate family members, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and their present and former parents, subsidiaries, variable interest entities, divisions, affiliates, employees, officers, directors, attorneys, legal representatives, insurers, reinsurers, and agents, and the predecessors, heirs, administrators, successors and assigns of the foregoing.

1.29   "Released Claims" means and includes any and all Claims and Unknown Claims (as defined in ¶1.40) that have been or could have been asserted by or on behalf of any of the Releasing Parties, in any capacity, which arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of TRR common stock during the Settlement Class Period, including but not limited to any claims alleged in the Action and any claims related to the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, related to, set forth, alleged or referred to in the Action. Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.30   "Released Parties" means Defendants and each and all of their Related Parties, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers, heirs, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors and assigns.

8

1.31    "Releasing Parties" means Plaintiffs, Settlement Class Members, and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether or not they object to the Settlement set forth in this Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

1.32    "Settlement" means the settlement contemplated by this Stipulation.

1.33    "Settlement Amount" means the sum of eleven million U.S. dollars ($11,000,000). Other than the costs of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA") and costs for providing TRR's transfer records, no additional payment shall be made by the Defendants in connection with the Settlement, including for Administrative Costs, Lead Counsel's attorneys' fees and expenses, Settlement Class Member benefits, or any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.34    "Settlement Class" means all persons and entities who purchased TRR common stock from June 27, 2019 through November 20, 2019, both dates inclusive and were damaged thereby. Included in the Settlement Class are all Persons who purchased TRR common stock pursuant to and/or traceable to TRR's Registration Statement issued in connection with TRR's June 27, 2019 IPO and all persons and entities who purchased TRR common stock during the Settlement Class Period at artificially inflated prices and were damaged thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time.

1.35    "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.36    "Settlement Class Period" means the period from June 27, 2019 through November 20, 2019, both dates inclusive.

1.37    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.38    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and therefore should receive final approval from the Court.

1.39    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action that the Claims Administrator will cause to be published, substantially in the form attached hereto as Exhibit A-3.

1.40    "Unknown Claims" means all Claims of every nature and description which Plaintiffs or any Settlement Class Member do not know or suspect to exist in their favor at the time of the release of the Released Parties which, if known by them, might have affected their decision with respect to the settlement with and release of the Released Parties, including without limitation any decision not to opt-out or object to this Settlement.

## 2.    Settlement Consideration

**2.1**    In consideration of the full and final settlement of all Released Claims against the Released Parties: (i) within five days after the entry of the Preliminary Approval Order, Lead Counsel, or the Escrow Agent, will provide complete wire and transfer information and instructions and a completed Form W-9 for the Settlement Fund to TRR's Counsel; and (ii) within thirty days of the later of entry of the Preliminary Approval Order or receipt of payment instructions from Lead Counsel or the Escrow Agent, TRR shall fund the Escrow Account, or cause the Escrow Account to be funded, with the full Settlement Amount in cash.

**2.2**    The obligations incurred pursuant to this Settlement shall be in full and final disposition and settlement of all Released Claims. Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Under no circumstances will the Released Parties be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation or the Settlement for any reason whatsoever, including, without limitation, as Administrative Costs, as compensation to any

Settlement Class Member, as payment of Plaintiffs' or any Settlement Class Member's attorneys' fees and expenses, or in payment of any fees, expenses, costs, liability, losses, Taxes (as defined below), or damages whatsoever alleged or incurred by Plaintiffs, any Settlement Class Member or Lead Counsel, including but not limited to their attorneys, experts, advisors, agents, or representatives.

**3.    Handling and Disbursement of Funds by the Escrow Agent**

**3.1**    No monies will be disbursed from the Settlement Fund until after TRR has completed payments except:

    **(a)**    As provided in ¶ 3.4 below;

    **(b)**    As provided in ¶ 5.7 below;

    **(c)**    As provided in ¶ 10.2 below, if applicable; and

    **(d)**    To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2**    The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3**    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants.

**3.4**    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $250,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, without further approval from the Court, the Escrow Agent may disburse additional amounts up to a total of $125,000 from the Settlement Fund to pay for any necessary, additional Administrative Costs. For any additional Administrative Costs above $125,000, the Escrow Agent shall obtain Court approval.  No payment from the Settlement Fund, including, without limitation, any distributions from the Net Settlement Fund or payments of any attorneys' fees or Compensatory Award, shall in any event be made to any Settlement Class Member (including Plaintiffs) or to Lead Counsel prior to the Effective Date.

**3.5**    Defendants shall not bear any cost or responsibility for class notice and administration expenses, except that Defendants shall pay the costs of providing TRR's transfer records and notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"), if any. In the event that the Settlement is not consummated, money reasonably paid or incurred for this purpose, including any related fees, shall not be repaid or returned.

**4.    Taxes**

**4.1**    The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or its designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      **(a)**    For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or its designee. Lead Counsel or its

12

designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**(b)**     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.

**(c)**     The Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.

**(d)**     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)).  The Released Parties shall have no

13

responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1.

**(e)**     The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

**5.     Termination of Settlement**

**5.1**     Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties within ten Business Days of:

**(a)**     entry of a Court order declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend;

**(b)**     entry of a Court order refusing to approve this Stipulation in any material respect without reasonable leave to amend;

**(c)**     entry of a Court order declining to enter the Final Judgment in any material respect, provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any award to Plaintiffs for their reasonable costs and expenses, and any change in the Final Judgment relating to these items shall not be considered a material change; or

**(d)**     entry of a Court order refusing to dismiss the Action with prejudice;

**(e)**     entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; or

**(f)**     failure on the part of any Party to abide, in material respect, with the terms of this Stipulation.

**5.2**     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to: (a) provide written notice to Defendants of the alleged non-compliance

14

and, if Defendants do not cure the alleged non-compliance within five Business Days, Plaintiffs may terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**5.3**    If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**5.4**    If prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased shares of TRR common stock during the Settlement Class Period in an amount greater than the amount specified in a separate Confidential Supplemental Agreement between the Parties ("Supplemental Agreement"), then TRR shall have, in its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement), and may only be disclosed *in camera* to the Court if (i) a dispute over the terms arises between the Settling Parties and all Settling Parties consent to the disclosure; or (ii) if the Court otherwise orders such disclosure.

**5.5**    In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, the Parties and the Released Parties shall be restored to their respective positions in the Action immediately prior to July 26, 2021, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and, in that event, all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

**5.6**    In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**5.7**    In the event that the Stipulation shall be terminated, or be canceled, or is incapable of becoming effective for any reason, within ten Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to TRR, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from TRR. At the request of TRR the Escrow Agent or their designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to TRR pursuant to written direction received from TRR.

**5.8**    No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**6.    Class Certification**

**6.1**    Solely for purposes of this Settlement, the Parties hereby stipulate to certification of the Settlement Class, appointment of Plaintiffs as Class Representatives, and appointment of Lead Counsel as Class Counsel, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Final Judgment becomes Final. If the Court does not approve the Settlement for any reason, Defendants reserve the right to oppose class certification, appointment of any plaintiff as class representative, and/or appointment of class counsel in any future proceedings.

16

**7.      Preliminary Approval Order**

**7.1**     Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its exhibits to the Court and shall move for preliminary approval of the Settlement, preliminary certification of the Settlement Class for settlement purposes, entry of a Preliminary Approval Order, and approval for the dissemination of notice, substantially in the form set forth in Exhibits A, A-1, A-2, and A-3.

**7.2**     The Long Notice (Exhibit A-1) shall describe the Settlement; the proposed Plan of Allocation; the requests for awards of attorneys' fees and expenses and the Compensatory Award; the date of the Settlement Hearing; the procedure by which Settlement Class Members may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members.

**7.3**     At the time of the submission described in ¶ 7.1 hereof, Plaintiffs, through Lead Counsel, shall request that, after the Notice is disseminated, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**7.4**     No later than five Business Days after entry of the Preliminary Approval Order, TRR shall obtain from its transfer agent, at Defendants' expense, a list of certificate or record holders who may have purchased shares of TRR common stock during the Settlement Class Period. TRR shall provide, or cause its transfer agent to provide, to the Claims Administrator a list of the names, addresses, and email addresses (if email addresses are available) of the record owners of TRR common stock during the Settlement Class Period in a usable electronic format, such as an Excel spreadsheet. Any information provided to Lead Counsel by the Company pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel and the Claims Administrator solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

**7.5** The Stipulation of Settlement, Notice, Proof of Claim, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

**7.6** No later than ten days following the filing of this Stipulation with the Court, TRR shall serve on behalf of all Defendants the notice required under CAFA. At least seven days before the Settlement Hearing, TRR shall cause to be served on Lead Counsel and filed with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

**8. Releases and Covenants Not to Sue**

**8.1** Upon the Effective Date, the Releasing Parties, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, and agree and covenant not to sue any of the Released Parties on the basis of the Released Claims or to assist any third party in commencing or maintaining any suit against the Released Parties related to any Released Claims. For the avoidance of doubt, Defendants are released from any and all claims for contribution or indemnity, as would otherwise be allowed by Section 21D of the Exchange Act, 15 U.S.C. §78u-4(f)(7). Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment. Nor shall anything contained herein limit or release any claims Defendants may have with regard to insurance coverage that may be available to them under any applicable policy.

**8.2** With respect to any and all Released Claims, upon the Effective Date, Plaintiffs and the Released Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

**8.3**    With respect to any and all Released Claims, Plaintiffs and the Released Parties shall expressly waive and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Plaintiffs, the Released Parties and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims, but Plaintiffs and the Released Parties shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and the Released Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**8.4**    Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims they may have against the Releasing Parties, including Settlement Class Members and Lead Counsel, related to the prosecution of the Action or any other known or unknown counter-claim related thereto and shall have covenanted not to sue the Releasing Parties,

19

including Settlement Class Members and Lead Counsel, with respect to any counter claim, claim, or sanction related to the Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity, against any of the Releasing Parties, including Settlement Class Members and Lead Counsel, and agree and covenant not to sue any of the Releasing Parties, including Settlement Class Members and Lead Counsel, on the basis of any such claim or to assist any third party in commencing or maintaining any suit against the Releasing Parties related to any such claim. Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**8.5** The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event. Plaintiffs and Settlement Class Members shall be deemed to acknowledge that, as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and shall be permanent, absolute, and unconditional.

**9.** **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

**9.1** Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order.

**9.2** The Settlement Fund shall be applied as follows:

    **(a)** To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

    **(b)** To pay Administrative Costs;

    **(c)** To pay Lead Counsel's attorneys' fees with interest and expenses and Compensatory Award, to the extent allowed by the Court; and

20

**(d)**     Upon court approval, to distribute the balance of the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**9.3**     Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court. No Person shall have any claims against Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

**9.4**     This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to TRR. Defendants, their counsel, their Insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

**9.5**     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation. Plaintiffs and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation. It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation,

21

or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

**9.6** Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

**9.7** Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. All Claimants whose claims are not approved by the Court shall be barred from participating in the distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

**9.8** All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court, but shall not delay or affect the finality of the Final Judgment.

**9.9** Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

22

**10.    Attorneys' Fees and Expenses**

**10.1**    Lead Counsel may submit an application or applications ("Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for a Fee and Expense Award consisting of: (i) an award of attorneys' fees from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) a Compensatory Award to Plaintiffs. Defendants shall take no position with respect to the Fee and Expense Application(s).

**10.2**    Any attorneys' fees and expenses awarded Lead Counsel by the Court shall be paid to Lead Counsel from the Escrow Account within five Business Days of the date the Court enters an order approving the Fee and Expense Award, notwithstanding the existence of any timely filed objections to any Fee and Expense Award, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, and subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest earned thereon, within ten Business Days, if and when the Settlement is terminated in accordance with its terms or, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced.

**10.3**    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not conditions of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order of or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

**10.4**    Any Fee and Expense Award paid to Lead Counsel or Compensatory Award to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Defendants shall not have any responsibility for payment of Lead Counsel's attorneys' fees and expenses or other award to

23

Plaintiffs beyond the obligation of TRR to fund, or to cause to be funded, the Escrow Account with the Settlement Amount as set forth in ¶2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**11.    Effective Date**

**11.1**    The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)**    The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)**    The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

**(c)**    The Action has been dismissed with prejudice; and

**(d)**    The Final Judgment has become Final, as defined in ¶ 1.15 hereof.

**11.2**    In the event that some or all of the conditions specified in ¶ 11.1 above are not met, the Parties may agree in writing nevertheless to proceed with this Stipulation and Settlement

**11.3**    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**12.    No Admission of Liability or Wrongdoing**

**12.1**    The Parties covenant and agree that neither this Stipulation, whether or not consummated, (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them, is evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted or could have been alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action

24

or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses alleged or asserted or could have been alleged or asserted in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor any of the terms and provisions of this Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that this Stipulation, the documents related hereto, or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Final Judgment, to effectuate the liability protection granted them hereunder, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, offset or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as otherwise required by law.

    **12.2**    Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of any Defendant against his, her, or its insurers, or insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any

undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

**13.    Miscellaneous Provisions**

**13.1**    Except in the event of the provision of a Termination Notice pursuant to ¶5 of this Stipulation, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**13.2**    The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) in any way whatsoever any Settlement Class Members to request exclusion from, or object to, the Settlement.

**13.3**    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

**13.4**    Plaintiffs and Lead Counsel represent and warrant that Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

**13.5**    This Stipulation constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his, her, or its own costs.

**13.6**    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their counsel or their respective successors in interest.

**13.7**    This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

**13.8**    The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**13.9**    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**13.10**    This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**13.11**    This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of California without regard to conflict of laws principles.

**13.12**    Any claim or dispute among the Parties arising out of, relating to, or in connection with the interpretation or implementation of the terms of the Stipulation prior to submission to the Court shall be fully and finally determined by the Hon. Layn R. Phillips without any right of appeal.

**13.13**    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**13.14**    The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the

27

Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

13.15   All agreements by, between or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

13.16   The Parties shall not assert or pursue any action, claim or rights that any Party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, or the Stipulation.  The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, and/or the Private Securities Litigation Reform Act of 1995.

13.17   Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

13.18   The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

13.19   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

13.20   Whether or not this Stipulation is approved by the Court and whether or not the settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the settlement.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of November 5, 2021.

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 2020-3827
Email: pkim@rosenlegal.com
            jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs*

**KING & SPALDING LLP**

Lisa R. Bugni (SBN 323962)
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1234
Fax: (415) 318-1300
lbugni@kslaw.com

*Attorneys for TRR and the Individual Defendants*

29

**PAUL HASTINGS LLP**

Peter M. Stone (SBN 157994)
1117 S. California Avenue
Palo Alto, California 94304-1106
Tel: (650) 320-1800
Fax: (650) 320-1900
peterstone@paulhastings.com

*Attorneys for the Underwriter Defendants*