# EXHIBIT A-1

Exhibit A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SANDERS, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE REALREAL, INC., *et al.*,<br><br>    Defendants. | Case No: 5:19-cv-07737-EJD<br><br>CLASS ACTION |

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

If you purchased The RealReal, Inc. ("TRR" or "Company") common stock between June 27, 2019 and November 20, 2019, both dates inclusive ("Settlement Class Period"), you could get a payment from a class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide $11,000,000 ("Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased TRR common stock during the Settlement Class Period.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.20 per damaged share of TRR common stock. This estimate is based on the assumptions set forth in the following two paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold TRR common stock, the purchase and sale prices, and the total number and amount of claims filed.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to 25% of the Settlement Amount, or $2,750,000, reimbursement of litigation expenses of no more than $75,000, and Compensatory Award to Plaintiffs not to exceed $9,000 to Lead plaintiff, and $4,000 each to the other named Plaintiffs, or $17,000 total. Collectively, the attorneys' fees and expenses and award to Lead Plaintiff are estimated to average $0.07 per damaged share of TRR common stock.  If approved by the Court, these amounts will be paid from the Settlement Fund.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

- The Settlement represents an estimated average recovery of $0.27 per damaged share of TRR common stock for the approximately 40.85 million damaged shares traded during the Settlement Class Period. Shares may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per damaged share of TRR common stock. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect.  Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold TRR common stock, and the total number of claims filed.

- The Settlement resolves the Action concerning whether TRR, individual defendants Julie Wainwright, Matt Gustke, Steve Lo, Chip Baird, Maha Ibrahim, Rob Krolik, Michael Kumin, Stefan Larsson, Niki Leondakis, and James Miller, and underwriter defendants Credit Suisse Securities (USA) LLC, BofA Securities, Inc., UBS Securities LLC, KeyBanc Capital Markets Inc., Stifel, Nicolaus & Company, Cowen and Company, LLC, and Raymond James & Associates, Inc. ("Defendants") violated the federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission or in other public statements to the investing public. Defendants deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever, including by any of TRR's officers, directors, or employees.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM NO LATER THAN _____ _____, 2022** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ _____, 2022** | Get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ _____, 2022** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON _____ _____, 2022** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

## INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Settlement Class Members should be directed to:

|  |  |  |
|---|---|---|
| The RealReal, Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: 866-274-4004<br>Fax: 610-565-7985<br>Email: info@strategicclaims.net | **or** | Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel.: 212-686-1060<br>Fax: 212-202-3827<br>Email: pkim@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated November 5, 2021 ("Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1.    **Why did I get this Notice?**

You or someone in your family may have purchased TRR common stock between June 27, 2019 and November 20, 2019, both dates inclusive.

2.    **What is this lawsuit about?**

The case is known as *Sanders v. The RealReal, Inc., et al.*, Case No. 5:19-cv-07737-EJD (N.D. Cal.) ("Action"). The Action is pending in the United States District Court for the Northern District of California.

The Action involves Plaintiffs' allegations that Defendants violated the federal securities laws by making false or misleading statements in TRR's filings with the U.S. Securities and Exchange Commission or other public statements to investors. The Complaint asserts that the alleged misstatements or omissions artificially inflated the price of TRR common stock, and that the stock price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny the allegations in the Complaint and all charges of wrongdoing or liability against TRR or any of its officers, directors, or employees. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of the Defendants with respect to any claim or any fault or wrongdoing or damage to the Settlement Class Members or any other person. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**3.     Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who validly exclude themselves from the class.

**4.     Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether Defendants made any statements that were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants acted with scienter; (3) to the extent any statements were materially false or misleading, whether any subsequent disclosures corrected any prior statements by Defendants; (4) the causes of the loss in the value of the stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses Defendants would raise. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they would prevail on Defendants' motion to dismiss (or in any further stages of the case, including trial), whether they would be able to prevail on a motion for class certification, and whether they would be able to prove that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any on appeal brought by Defendants, Plaintiffs might not be able to collect some, or all, of any judgment the class may be awarded. Moreover, litigation of this type is usually expensive, and it appears that, even if Plaintiffs' allegations were eventually found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5.     How do I know if I am part of the Settlement?**

To be a Settlement Class Member, you must have purchased TRR common stock during the period between June 27, 2019 and November 20, 2019, both dates inclusive.

**6.     Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) persons who suffered no compensable losses; (ii) persons who validly exclude themselves from the Settlement Class, as described below; (iii) Defendants; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (iii), has or had a majority ownership interest at any time.

4

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/TRR, or fill out and return the Proof of Claim described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

**(a)    What is the Settlement Fund?**

The proposed Settlement provides that TRR pay $11,000,000 into a Settlement Fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable litigation expenses to Lead Counsel and any Compensatory Award to Plaintiffs for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the notice and claims administration expenses permitted by the Court, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed according to the Plan of Allocation to Settlement Class Members who submit timely, valid Proof of Claim forms.

**(b)    What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold TRR common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs and to Lead Counsel for attorneys' fees, costs, and expenses.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of TRR common stock was artificially inflated during the relevant period and that certain subsequent disclosures

5

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

caused changes in the inflated price of TRR common stock. Defendants have denied these allegations.

## PROPOSED PLAN OF ALLOCATION
## OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Settlement Administrator's website, www.strategicclaims.net/TRR.

To the extent there are sufficient funds remaining in the Net Cash Settlement Amount, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, Net Cash Settlement Amount is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Cash Settlement Amount that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any of the Net Cash Settlement Amount remains by reason of uncashed checks, or otherwise, after the Settlement Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Cash Settlement Amount cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administrative Expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Cash Settlement Amount and in making this second distribution, if such second distribution is economically feasible. If six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Cash Settlement Amount after the Settlement Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Cash Settlement Amount shall be donated to the Investor Justice and Education Clinic at Howard University School of Law.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on their Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

I)  Recognized Loss for TRR common stock purchased in and/or traceable[1] to the June 27, 2019 Initial Public Offering (IPO)[2] during the traceable period from June 27, 2019 through September 24, 2019, both dates inclusive, shall be calculated as follows:

   A. For each share of common stock sold on or before October 22, 2019, the Recognized Loss per share shall be $0.

   B. For each share of share of common stock sold between October 23, 2019 to November 20, 2019, inclusive, the Recognized Loss shall be the *lesser* of: (1) the difference between the purchase price per share (not to exceed the $20 IPO price per share) and the selling price per share; or (2) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (3) $3.16[3] per share.

   C. For each share of common stock retained as of November 20, 2019[4], the Recognized Loss shall be the *lesser* of (1) the difference between the purchase price per share (not to exceed the $20 IPO price per share) and $16.15[5] per share; or (2) $3.16 per share.

II) Recognized Loss for TRR common stock purchased during the Settlement Class Period shall be calculated as follows, *in addition to* the Recognized Loss as calculated under section (I) above, if applicable (*i.e.*, for purchases made during the traceable period):

   A. For shares purchased during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per share shall be 20% of the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation

---

[1]  Only shares purchased from June 27, 2019 through September 24, 2019, both dates inclusive, are eligible shares purchased and traceable to the IPO.  Shares purchased after September 24, 2019 (90 days after the IPO) are no longer traceable to the IPO.

[2] The filing date of TRR's IPO prospectus.

[3] This represents the difference in TRR's IPO offering price of $20 per share and the value of TRR's stock price on date of suit on November 25, 2019 of $16.84 per share.

[4] The last day of the Settlement Class Period.

[5] This was the closing price per share on November 21, 2019, one day after the Settlement Class Period.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

Table A below); or (2) the purchase price per share minus the sales price per share.

B.  For shares purchased or otherwise acquired during the Settlement Class Period and sold during the period November 21, 2019 through February 18, 2020, inclusive, the Recognized Loss shall be 20% of the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table B below.

C.  For shares purchased during the Settlement Class Period and retained as of the close of trading on February 18, 2020, the Recognized Loss shall be 20% of the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $16.81[6] per share.

| INFLATION TABLE A | |
| Common Stock Purchased or Otherwise Acquired During the Settlement Class Period | |
| Period | Inflation |
| --- | --- |
| June 27, 2019 to October 22, 2019, inclusive | $6.21 per share |
| October 23, 2019 to November 4, 2019, inclusive | $4.27 per share |
| November 5, 2019 | $1.28 per share |
| November 6, 2019 to November 20, 2019, inclusive | $0.64 per share |
| After November 20, 2019 | $0.00 per share |

Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| --- | --- | --- | --- | --- | --- |
| 11/21/2019 | $16.15 | $16.15 | 1/7/2020 | $17.36 | $17.59 |
| 11/22/2019 | $16.36 | $16.26 | 1/8/2020 | $18.17 | $17.58 |
| 11/25/2019 | $16.84 | $16.45 | 1/9/2020 | $17.79 | $17.60 |
| 11/26/2019 | $16.64 | $16.50 | 1/10/2020 | $18.16 | $17.60 |
| 11/27/2019 | $17.47 | $16.69 | 1/13/2020 | $18.11 | $17.62 |
| 11/29/2019 | $17.20 | $16.78 | 1/14/2020 | $17.74 | $17.63 |
| 12/2/2019 | $16.00 | $16.67 | 1/15/2020 | $18.14 | $17.64 |

---

[6] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $16.81 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on November 21, 2019 through and including on February 18, 2020.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

| | | | | | |
|---|---|---|---|---|---|
| 12/3/2019 | $16.30 | $16.62 | 1/16/2020 | $17.44 | $17.65 |
| 12/4/2019 | $17.34 | $16.70 | 1/17/2020 | $17.80 | $17.64 |
| 12/5/2019 | $16.82 | $16.71 | 1/21/2020 | $16.58 | $17.65 |
| 12/6/2019 | $17.65 | $16.80 | 1/22/2020 | $16.00 | $17.62 |
| 12/9/2019 | $17.47 | $16.85 | 1/23/2020 | $15.50 | $17.58 |
| 12/10/2019 | $16.97 | $16.86 | 1/24/2020 | $15.26 | $17.54 |
| 12/11/2019 | $17.08 | $16.88 | 1/27/2020 | $15.40 | $17.48 |
| 12/12/2019 | $18.57 | $16.99 | 1/28/2020 | $15.09 | $17.44 |
| 12/13/2019 | $18.60 | $17.09 | 1/29/2020 | $14.79 | $17.39 |
| 12/16/2019 | $18.30 | $17.16 | 1/30/2020 | $14.47 | $17.33 |
| 12/17/2019 | $17.43 | $17.18 | 1/31/2020 | $14.03 | $17.27 |
| 12/18/2019 | $17.70 | $17.20 | 2/3/2020 | $14.51 | $17.21 |
| 12/19/2019 | $18.22 | $17.26 | 2/4/2020 | $14.42 | $17.15 |
| 12/20/2019 | $18.58 | $17.32 | 2/5/2020 | $14.50 | $17.10 |
| 12/23/2019 | $18.15 | $17.36 | 2/6/2020 | $14.30 | $17.05 |
| 12/24/2019 | $17.81 | $17.38 | 2/7/2020 | $14.50 | $17.00 |
| 12/26/2019 | $18.08 | $17.41 | 2/10/2020 | $14.96 | $16.95 |
| 12/27/2019 | $18.32 | $17.44 | 2/11/2020 | $15.66 | $16.91 |
| 12/30/2019 | $18.05 | $17.47 | 2/12/2020 | $15.43 | $16.89 |
| 12/31/2019 | $18.85 | $17.52 | 2/13/2020 | $15.18 | $16.87 |
| 1/2/2020 | $17.87 | $17.53 | 2/14/2020 | $15.24 | $16.84 |
| 1/3/2020 | $18.44 | $17.56 | 2/18/2020 | $15.53 | $16.81 |
| 1/6/2020 | $17.86 | $17.57 | | | |

For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company's company stock shall not be deemed a purchase or sale of the Company's company stock for the calculation of an Authorized Claimant's Recognized Loss.

For purposes of calculating your Recognized Loss, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases and sales of Company stock shares during the period from June 27, 2019 through and including February 18, 2020.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim. All persons

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.     How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Internet at www.strategicclaims.net/TRR. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/TRR by 11:59 p.m. EST on _____, 2022; or (2) by mailing the Proof of Claim form together with all documentation requested in the form, postmarked no later than _____, 2022, to the Claims Administrator at:

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the _____, 2022 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase of TRR common stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as the sole compensation for any losses you suffered in the purchase of TRR common stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

10

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

**11.    How do I exclude myself from the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in the Action, then you must take steps to get out of the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Sanders v. The RealReal, Inc., et al.*, Case No. 5:19-cv-07737 (N.D. Cal.)," and (B) states the date, number of shares and dollar amount of each TRR common stock purchase during the Settlement Class Period, and any sale transactions, and (C) the number of shares of TRR common stock held by you as of the opening and closing of the Settlement Class Period. To be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase and, if applicable, sale transaction of TRR common stock during the Settlement Class Period, and (ii) demonstrating your status as a beneficial owner of the TRR common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than _____ __, 2022, to the Claims Administrator at the following address:

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail**. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Final Judgment in this case.

**12.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you followed the procedure outlined in this Notice and the Court's Preliminary Approval Order to exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court has appointed The Rosen Law Firm, P.A. as Lead Counsel to represent the Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided above.

11
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**14.    How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, or $2,750,000; for reimbursement of reasonable litigation expenses not to exceed $75,000; and Compensatory Award to Plaintiffs in an amount not to exceed $17,000 total (up to $9,000 for Lead Plaintiff and up to $4,000 each for the other named Plaintiffs). The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I object to the Settlement?**

You can ask the Court to deny approval by filing an objection to any part of the Settlement, or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Plaintiffs and explaining that you think the Court should not approve the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. To file an objection, you must mail a letter stating that you object to the Settlement in the matter of *Sanders v. The RealReal, Inc., et al.,* Case No. 5:19-cv-07737-EJD. Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of TRR Stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Final Approval Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Objections must be in writing. If you appear through your own attorney, you are responsible for hiring and paying that attorney. Objections can be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, or by filing them in person at any location of the

Exhibit A-1

United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____, 2022.

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ _____, 2022 at _ _: _ _, _.m., at the United States District Court, Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Courtroom 4, San Jose, California 95113, or by telephonic or videoconference means as directed by the Court. The Court may change the date of the Settlement Hearing without further notice to the Settlement Class. Settlement Class Members should check the settlement website, or the Court's PACER system at https://ecf.cand.uscourts.gov, to confirm that the date has not been changed.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Lead Counsel for attorneys' fees and expenses and how much to award Plaintiffs as a Compensatory Award.

**18.    Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

**20.    Can I see the Court file? Whom should I contact if I have questions?**

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the settlement, please see the Stipulation available at www.strategicclaims.net/TRR, by contacting Lead Counsel at (212) 686-1060, by

13

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Proof of Claim form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
|---|---|---|
| The RealReal, Inc. Securities Litigation | **or** | Phillip Kim |
| c/o Strategic Claims Services | | THE ROSEN LAW FIRM, P.A. |
| P.O. Box 230 | | 275 Madison Avenue, 40th Floor |
| 600 N. Jackson St., Ste. 205 | | New York, NY 10016 |
| Media, PA 19063 | | Tel.: 212-686-1060 |
| Tel.: 866-274-4004 | | Fax: 212-202-3827 |
| Fax: 610-565-7985 | | pkim@rosenlegal.com |
| info@strategicclaims.net | | |

**DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between June 27, 2019 through November 20, 2019, both dates inclusive, you purchased TRR common stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address of each person or organization for whom or which you purchased such TRR common stock during the Settlement Class Period; (b) request a link to the location where the Long Notice and Proof of Claim are hosted and, within ten days of receipt, email the link to all such beneficial owners of the TRR common stock for whom valid email addresses are available; or (c) request additional copies of this Long Notice, which will be provided to you free of charge, and within ten days mail the Long Notice directly to the beneficial owners of the TRR common stock. If you choose to follow either alternative procedure (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Long Notice mailed, $0.05 per link to the electronic Long Notice and Proof of Claim emailed; or $0.05 per name, address and email address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

14
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

DATED: _____ _____, 2021

_____
BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION