# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MICHAEL SANDERS, Individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

THE REALREAL, INC., *et al.*,

    Defendants.

Case No: 5:19-cv-07737-EJD

CLASS ACTION

**DECLARATION OF JOSEPHINE BRAVATA**
**CONCERNING: (A) MAILING OF THE NOTICE AND CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.    I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twenty years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred (500) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE NOTICE AND CLAIM FORM**

2.    Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated March 24, 2022 (the "Preliminary Approval Order", Document 67), SCS was appointed and approved as Claims Administrator in connection with the Settlement of the above-

captioned action.[1]   I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.       To provide actual notice to those persons and entities that purchased The RealReal, Inc. ("RealReal") common stock between June 27, 2019 and November 20, 2019, inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim Form") to potential members of the Settlement Class.  A true and correct copy of the Notice and Claim Form is attached as **Exhibit A**.

4.       As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 849 banks and brokerage companies ("Nominee Account Holders"), as well as 1,000 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On April 1, 2022, SCS caused a letter to be mailed or e-mailed to the 1,849 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either send the Notice and Claim Form or email the direct link to the Notice and Claim Form to

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement dated November 5, 2021 (the "Stipulation", Document 61-1).

their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly either mail the Notice and Claim Form or email a link to the Notice and Claim Form directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.    SCS mailed, by first class mail, postage prepaid, the Notice and Claim Form to 312 individuals and organizations identified in the transfer records that were provided to SCS. These records reflect persons and entities that purchased RealReal shares for their own account, or for the account(s) of their clients, during the Settlement Class Period.  The transfer record mailing was completed on April 6, 2022.

6.    Following these mailings, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Notice and Claim Form be mailed by SCS, and SCS received requests from nominees for Notice and Claim Forms so that the nominees could forward them to their customers.  To date, SCS has mailed 30,775 Notice and Claim Forms from nominee requests.

7.    Additionally, SCS was notified by a nominee that they emailed 8,580 of their clients to notify them of this settlement and provide a direct link to the Notice and Claim Form on the settlement webpage.

8.    In total, 39,667 potential Settlement Class Members were notified either by mailed Notice and Claim Form or emailed a direct link to the Notice and Claim Form.

9.    SCS also sent the Depository Trust Company ("DTC") a Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on April 1, 2022. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

3

10.    Out of the 31,087[2] Notice and Claim Forms mailed, 659 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for 70, and SCS immediately mailed another Notice and Claim Form to the updated addresses.  The remaining 589 Notice and Claim Forms returned as undeliverable were "skip-traced" to obtain updated addresses and 116 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

11.    Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") was published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* on May 2, 2022, as shown in the confirmations of publication attached hereto as **Exhibit C.**

## TOLL-FREE PHONE LINE

12.    SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

13.    On March 29, 2022, SCS established a webpage on its website at www.strategicclaims.net/TRR. The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains the current status; the case deadlines; the online claim filing link; and important documents such as the Notice and Claim Form, the Preliminary Approval Order, and the Stipulation.

---

[2] The 31,087 Notice and Claim Forms mailed represent the 312 mailed for the transfer agent list and the 30,775 mailed either by SCS or the nominee.

## REPORT ON EXCLUSIONS AND OBJECTIONS

14.     The Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than July 7, 2022.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received one exclusion request. **Exhibit D** is a copy of the request for exclusion.

15.     According to the Notice, Settlement Class Members seeking to object to any part of the Settlement, or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Plaintiffs must be submitted to the Court, no later than July 7, 2022. As of the date of this Declaration, SCS has not received any objections and SCS has not been notified that an objection was filed with the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23rd day of June 2022, in Media, Pennsylvania.


*Josephine B Bravata*
Josephine Bravata

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SANDERS, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No: 5:19-cv-07737-EJD |
| v. | CLASS ACTION |
| THE REALREAL, INC., *et al.*, | |
| Defendants. | |

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

If you purchased The RealReal, Inc. ("TRR" or "Company") common stock between June 27, 2019 and November 20, 2019, both dates inclusive ("Settlement Class Period"), you could get a payment from a class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide $11,000,000 ("Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased TRR common stock during the Settlement Class Period.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.20 per damaged share of TRR common stock. This estimate is based on the assumptions set forth in the following two paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold TRR common stock, the purchase and sale prices, and the total number and amount of claims filed.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to 25% of the Settlement Amount, or $2,750,000, reimbursement of litigation expenses of no more than $75,000, and Compensatory Award to Plaintiffs not to exceed $9,000 to Lead plaintiff, and $4,000 each to the other named Plaintiffs, or $17,000 total. Collectively, the attorneys' fees and expenses and award to Lead Plaintiff are estimated to average $0.07 per damaged share of TRR common stock.  If approved by the Court, these amounts will be paid from the Settlement Fund.

- The Settlement represents an estimated average recovery of $0.27 per damaged share of TRR common stock for the approximately 40.85 million damaged shares traded during the Settlement Class Period. Shares may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per damaged share of TRR common stock. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect.  Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold TRR common stock, and the total number of claims filed.

- The Settlement resolves the Action concerning whether TRR, individual defendants Julie Wainwright, Matt Gustke, Steve Lo, Chip Baird, Maha Ibrahim, Rob Krolik, Michael Kumin, Stefan Larsson, Niki Leondakis, and James Miller, and underwriter defendants Credit Suisse Securities (USA) LLC, BofA Securities, Inc., UBS Securities LLC, KeyBanc Capital Markets Inc.,

Stifel, Nicolaus & Company, Cowen and Company, LLC, and Raymond James & Associates, Inc. ("Defendants") violated the federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission or in other public statements to the investing public. Defendants deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever, including by any of TRR's officers, directors, or employees.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM NO LATER THAN JUNE 28, 2022** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN JULY 7, 2022** | Get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN JULY 7, 2022** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON JULY 28, 2022** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

### INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form ("Proof of Claim"), or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| The RealReal, Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: 866-274-4004<br>Fax: 610-565-7985<br>Email: info@strategicclaims.net | **or** | Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel.: 212-686-1060<br>Fax: 212-202-3827<br>Email: pkim@rosenlegal.com |

### DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated November 5, 2021 ("Stipulation").

2

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

1.    **Why did I get this Notice?**

You or someone in your family may have purchased TRR common stock between June 27, 2019 and November 20, 2019, both dates inclusive.

2.    **What is this lawsuit about?**

The case is known as *Sanders v. The RealReal, Inc., et al.*, Case No. 5:19-cv-07737-EJD (N.D. Cal.) ("Action"). The Action is pending in the United States District Court for the Northern District of California.

The Action involves Plaintiffs' allegations that Defendants violated the federal securities laws by making false or misleading statements in TRR's filings with the U.S. Securities and Exchange Commission or other public statements to investors. The Complaint asserts that the alleged misstatements or omissions artificially inflated the price of TRR common stock, and that the stock price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny the allegations in the Complaint and all charges of wrongdoing or liability against TRR or any of its officers, directors, or employees. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of the Defendants with respect to any claim or any fault or wrongdoing or damage to the Settlement Class Members or any other person. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

3.    **Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who validly exclude themselves from the class.

4.    **Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether Defendants made any statements that were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants acted with scienter; (3) to the extent any statements were materially false or misleading, whether any subsequent disclosures corrected any prior statements by Defendants; (4) the causes of the loss in the value of the stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses Defendants would raise. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they would prevail on Defendants' motion to dismiss (or in any further stages of the case, including trial), whether they would be able to prevail on a motion for class certification, and whether they would be able to prove that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

3

Even if Plaintiffs were to win at trial, and also prevail on any on appeal brought by Defendants, Plaintiffs might not be able to collect some, or all, of any judgment the class may be awarded. Moreover, litigation of this type is usually expensive, and it appears that, even if Plaintiffs' allegations were eventually found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5.    How do I know if I am part of the Settlement?**

To be a Settlement Class Member, you must have purchased TRR common stock during the period between June 27, 2019 and November 20, 2019, both dates inclusive.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) persons who suffered no compensable losses; (ii) persons who validly exclude themselves from the Settlement Class, as described below; (iii) Defendants; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (iii), has or had a majority ownership interest at any time.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/TRR, or fill out and return the Proof of Claim described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

**(a)    What is the Settlement Fund?**

The proposed Settlement provides that TRR pay \$11,000,000 into a Settlement Fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable litigation expenses to Lead Counsel and any Compensatory Award to Plaintiffs for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the notice and claims administration expenses permitted by the Court, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed according to the Plan of Allocation to Settlement Class Members who submit timely, valid Proof of Claim forms.

**(b)    What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold TRR common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs and to Lead Counsel for attorneys' fees, costs, and expenses.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is

the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of TRR common stock was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of TRR common stock. Defendants have denied these allegations.

## PROPOSED PLAN OF ALLOCATION
## OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/TRR.

To the extent there are sufficient funds remaining in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any of the Net Settlement Fund remains by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administrative Expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to the Investor Justice and Education Clinic at Howard University School of Law.

5

**THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:**

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on their Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

I)    Recognized Loss for TRR common stock purchased in and/or traceable[1] to the June 27, 2019 Initial Public Offering (IPO)[2] during the traceable period from June 27, 2019 through September 24, 2019, both dates inclusive, shall be calculated as follows:

    A.  For each share of common stock sold on or before October 22, 2019, the Recognized Loss per share shall be $0.

    B.  For each share of share of common stock sold between October 23, 2019 to November 20, 2019, inclusive, the Recognized Loss shall be the *lesser* of: (1) the difference between the purchase price per share (not to exceed the $20 IPO price per share) and the selling price per share; or (2) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (3) $3.16[3] per share.

    C.  For each share of common stock retained as of November 20, 2019[4], the Recognized Loss shall be the *lesser* of (1) the difference between the purchase price per share (not to exceed the $20 IPO price per share) and $16.15[5] per share; or (2) $3.16 per share.

II)   Recognized Loss for TRR common stock purchased during the Settlement Class Period shall be calculated as follows, *in addition to* the Recognized Loss as calculated under section (I) above, if applicable (*i.e.*, for purchases made during the traceable period):

    A.  For shares purchased during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per share shall be 20% of the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

    B.  For shares purchased or otherwise acquired during the Settlement Class Period and sold during the period November 21, 2019 through February 18, 2020, inclusive, the Recognized Loss shall be 20% of the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table B below.

    C.  For shares purchased during the Settlement Class Period and retained as of the close of trading on February 18, 2020, the Recognized Loss shall be 20% of the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $16.81[6] per share.

---

[1]  Only shares purchased from June 27, 2019 through September 24, 2019, both dates inclusive, are eligible shares purchased and traceable to the IPO.  Shares purchased after September 24, 2019 (90 days after the IPO) are no longer traceable to the IPO.

[2] The filing date of TRR's IPO prospectus.

[3] This represents the difference in TRR's IPO offering price of $20 per share and the value of TRR's stock price on date of suit on November 25, 2019 of $16.84 per share.

[4] The last day of the Settlement Class Period.

[5] This was the closing price per share on November 21, 2019, one day after the Settlement Class Period.

[6] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or

| INFLATION TABLE A | |
|---|---|
| Common Stock Purchased or Otherwise Acquired During the Settlement Class Period | |
| **Period** | **Inflation** |
| June 27, 2019 to October 22, 2019, inclusive | $6.21 per share |
| October 23, 2019 to November 4, 2019, inclusive | $4.27 per share |
| November 5, 2019 | $1.28 per share |
| November 6, 2019 to November 20, 2019, inclusive | $0.64 per share |
| After November 20, 2019 | $0.00 per share |

| TABLE B | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 11/21/2019 | $16.15 | $16.15 | | 12/20/2019 | $18.58 | $17.32 | | 1/22/2020 | $16.00 | $17.62 |
| 11/22/2019 | $16.36 | $16.26 | | 12/23/2019 | $18.15 | $17.36 | | 1/23/2020 | $15.50 | $17.58 |
| 11/25/2019 | $16.84 | $16.45 | | 12/24/2019 | $17.81 | $17.38 | | 1/24/2020 | $15.26 | $17.54 |
| 11/26/2019 | $16.64 | $16.50 | | 12/26/2019 | $18.08 | $17.41 | | 1/27/2020 | $15.40 | $17.48 |
| 11/27/2019 | $17.47 | $16.69 | | 12/27/2019 | $18.32 | $17.44 | | 1/28/2020 | $15.09 | $17.44 |
| 11/29/2019 | $17.20 | $16.78 | | 12/30/2019 | $18.05 | $17.47 | | 1/29/2020 | $14.79 | $17.39 |
| 12/2/2019 | $16.00 | $16.67 | | 12/31/2019 | $18.85 | $17.52 | | 1/30/2020 | $14.47 | $17.33 |
| 12/3/2019 | $16.30 | $16.62 | | 1/2/2020 | $17.87 | $17.53 | | 1/31/2020 | $14.03 | $17.27 |
| 12/4/2019 | $17.34 | $16.70 | | 1/3/2020 | $18.44 | $17.56 | | 2/3/2020 | $14.51 | $17.21 |
| 12/5/2019 | $16.82 | $16.71 | | 1/6/2020 | $17.86 | $17.57 | | 2/4/2020 | $14.42 | $17.15 |
| 12/6/2019 | $17.65 | $16.80 | | 1/7/2020 | $17.36 | $17.59 | | 2/5/2020 | $14.50 | $17.10 |
| 12/9/2019 | $17.47 | $16.85 | | 1/8/2020 | $18.17 | $17.58 | | 2/6/2020 | $14.30 | $17.05 |
| 12/10/2019 | $16.97 | $16.86 | | 1/9/2020 | $17.79 | $17.60 | | 2/7/2020 | $14.50 | $17.00 |
| 12/11/2019 | $17.08 | $16.88 | | 1/10/2020 | $18.16 | $17.60 | | 2/10/2020 | $14.96 | $16.95 |
| 12/12/2019 | $18.57 | $16.99 | | 1/13/2020 | $18.11 | $17.62 | | 2/11/2020 | $15.66 | $16.91 |
| 12/13/2019 | $18.60 | $17.09 | | 1/14/2020 | $17.74 | $17.63 | | 2/12/2020 | $15.43 | $16.89 |
| 12/16/2019 | $18.30 | $17.16 | | 1/15/2020 | $18.14 | $17.64 | | 2/13/2020 | $15.18 | $16.87 |
| 12/17/2019 | $17.43 | $17.18 | | 1/16/2020 | $17.44 | $17.65 | | 2/14/2020 | $15.24 | $16.84 |
| 12/18/2019 | $17.70 | $17.20 | | 1/17/2020 | $17.80 | $17.64 | | 2/18/2020 | $15.53 | $16.81 |
| 12/19/2019 | $18.22 | $17.26 | | 1/21/2020 | $16.58 | $17.65 | | | | |

For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company's company stock shall not be deemed a purchase or sale of the Company's company stock for the calculation of an Authorized Claimant's Recognized Loss.

---

received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $16.81 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on November 21, 2019 through and including February 18, 2020.

For purposes of calculating your Recognized Loss, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases and sales of Company stock shares during the period from June 27, 2019 through and including February 18, 2020.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

9.    **How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Internet at www.strategicclaims.net/TRR. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/TRR by 11:59 p.m. EST on June 28, 2022; or (2) by mailing the Proof of Claim form together with all documentation requested in the form, postmarked no later than June 28, 2022, to the Claims Administrator at:

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

10.    **What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the July 7, 2022 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase of TRR common stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net

8

Settlement Fund as the sole compensation for any losses you suffered in the purchase of TRR common stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**11.   How do I exclude myself from the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in the Action, then you must take steps to get out of the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Sanders v. The RealReal, Inc., et al.*, Case No. 5:19-cv-07737 (N.D. Cal.)," and (B) states the date, number of shares and dollar amount of each TRR common stock purchase during the Settlement Class Period, and any sale transactions, and (C) the number of shares of TRR common stock held by you as of the opening and closing of the Settlement Class Period. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of TRR common stock during the Settlement Class Period, and (ii) demonstrating your status as a beneficial owner of the TRR common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than July 7, 2022, to the Claims Administrator at the following address:

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail**. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Final Judgment in this case.

**12.   If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you followed the procedure outlined in this Notice and the Court's Preliminary Approval Order to exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.   Do I have a lawyer in this case?**

The Court has appointed The Rosen Law Firm, P.A. as Lead Counsel to represent the Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided above.

**14.   How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be

9

reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, or $2,750,000; for reimbursement of reasonable litigation expenses not to exceed $75,000; and Compensatory Award to Plaintiffs in an amount not to exceed $17,000 total (up to $9,000 for Lead Plaintiff and up to $4,000 each for the other named Plaintiffs). The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I object to the Settlement?**

You can ask the Court to deny approval by filing an objection to any part of the Settlement, or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Plaintiffs and explaining that you think the Court should not approve the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. To file an objection, you must mail a letter stating that you object to the Settlement in the matter of *Sanders v. The RealReal, Inc., et al.,* Case No. 5:19-cv-07737-EJD. Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of TRR common stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Objections must be in writing. If you appear through your own attorney, you are responsible for hiring and paying that attorney. Objections can be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and must be filed on or before July 7, 2022.

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on July 28, 2022 at 9:00 a.m., at the United States District Court, Northern District of California, Robert F. Peckham Federal Building & United States

10

Courthouse, 280 South 1st Street, Courtroom 4, San Jose, California 95113, or by telephonic or videoconference means as directed by the Court. The Court may change the date of the Settlement Hearing without further notice to the Settlement Class. Settlement Class Members should check the settlement website, or the Court's PACER system at https://ecf.cand.uscourts.gov, to confirm that the date has not been changed.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Lead Counsel for attorneys' fees and expenses and how much to award Plaintiffs as a Compensatory Award.

**18.   Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.   What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

**20.   Can I see the Court file? Whom should I contact if I have questions?**

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the settlement, please see the Stipulation available at www.strategicclaims.net/TRR, by contacting Lead Counsel at (212) 686-1060, by accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Proof of Claim form should be directed to the Claims Administrator or Lead Counsel at:

| The RealReal, Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: 866-274-4004<br>Fax: 610-565-7985<br>info@strategicclaims.net | **or** | Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel.: 212-686-1060<br>Fax: 212-202-3827<br>pkim@rosenlegal.com |
|---|---|---|

**DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE
TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

11

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between June 27, 2019 through November 20, 2019, both dates inclusive, you purchased TRR common stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address of each person or organization for whom or which you purchased such TRR common stock during the Settlement Class Period; (b) request a link to the location where the Long Notice and Proof of Claim are hosted and, within ten days of receipt, email the link to all such beneficial owners of the TRR common stock for whom valid email addresses are available; or (c) request additional copies of this Long Notice and Proof of Claim, which will be provided to you free of charge, and within ten days mail the Long Notice and Proof of Claim directly to the beneficial owners of the TRR common stock. If you choose to follow either alternative procedure (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Long Notice and Proof of Claim mailed, $0.05 per link to the electronic Long Notice and Proof of Claim emailed; or $0.05 per name, address and email address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.


DATED: MARCH 24, 2022            _____
                                 BY ORDER OF THE UNITED STATES
                                 DISTRICT COURT FOR THE
                                 NORTHERN DISTRICT OF CALIFORNIA

12

# PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission: June 28, 2022**

If you purchased The RealReal, Inc. ("TRR") common stock during the period from June 27, 2019 through November 20, 2019, both dates inclusive ("Settlement Class Period"), you are a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are Defendants; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any other excluded person listed herein, has or had a majority ownership interest at any time. Also excluded are those who validly opt-out).

If you are a Settlement Class Member, you must complete and submit this Proof of Claim and Release Form ("Proof of Claim") in order to be eligible for any Settlement benefits. You can complete and submit the electronic version of this Proof of Claim by 11:59 p.m. EST on June 28, 2022 at www.strategicclaims.net/TRR.

If you do not complete and submit an electronic version of this Proof of Claim, you must complete and sign this Proof of Claim and mail it by first class mail, postmarked no later than June 28, 2022, to Strategic Claims Services, the Claims Administrator, at the following address:

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your claim by June 28, 2022 will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your claim to the Court or to any of the Parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Proof of Claim, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself.

Submission of a proof of claim does not assure that you will share in the proceeds of the Settlement.

**CLAIMANT'S STATEMENT**

1. I (we) purchased The RealReal, Inc. ("TRR") common stock during the Settlement Class Period. (Do not submit this Proof of Claim if you did not purchase TRR common stock during the Settlement Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above or am (are) acting for such person(s); that I am (we are) not a Defendant(s) in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice of Pendency and Proposed Settlement of Class Action ("Notice"); that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund; that I (we) elect

13

to participate in the proposed Settlement; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth, where requested below, all relevant information with respect to each purchase or acquisition of TRR common stock, and each sale, if any, of the same. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of TRR common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates) of each of the "Released Parties" of all "Released Claims" as those terms are defined in the Stipulation of Settlement, dated November 5, 2021 ("Stipulation").

8.  Upon the occurrence of the Court's approval of the Settlement, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs,

14

representatives, administrators, executors, devisees, legatees, and estates) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9. "Released Parties" has the meaning provided in the Stipulation.

10. "Released Claims" has the meaning provided in the Stipulation.

11. "Unknown Claims" has the meaning provided in the Stipulation.

12. I (we) agree and acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the Released Claims, but I (we) agree and acknowledge that, upon the Effective Date as defined in the Stipulation, I (we) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. I (we) agree and acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Proof of Claim, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in TRR common stock should be reported in the electronic file so that each resulting Claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one Claim will be processed per Legal Entity (e.g. a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Settlement Class Period, one total holding at the end of the Settlement Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed a single Claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single Claim prior to processing in the event that a Legal Entity's accounts are divided across multiple Claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in TRR common stock to prove and accurately process the Claim.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.strategicclaims.net/TRR. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

15

TRR

## I. CLAIMANT INFORMATION

| | |
|---|---|
| Beneficial Owner Name: | |
| | |
| Address: | |
| | |

| City: | State: | ZIP: |
|---|---|---|

| Foreign Province: | Foreign Country: |
|---|---|

| Day Phone: | Evening Phone: |
|---|---|

| Email: | | |
|---|---|---|
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN THE REALREAL, INC. COMMON STOCK

**Purchases/Acquisitions:**

A.  Separately list each and every purchase or acquisition of The RealReal, Inc. ("TRR") common stock between June 27, 2019 and February 18, 2020, both dates inclusive, and provide the following information (*must be documented*):[7]

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

---

[7] Please note: Information requested with respect to your purchases of TRR common stock after November 20, 2019, will be used to balance your claim only.  Purchases during this period are not eligible for any settlement benefits.

16

TRR

**Sales:**

B. Separately list each and every sale of TRR common stock between June 27, 2019 through February 18, 2020, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

C.  State the total number of shares of TRR common stock held at the close of trading on February 18, 2020 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**III. SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

**IV. CERTIFICATION**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of TRR common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result

17

of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM MUST BE SUBMITTED ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET/TRR BY 11:59 P.M. EST ON JUNE 28, 2022, OR MAILED TO THE CLAIMS ADMINISTRATOR AT THE BELOW ADDRESS, POSTMARKED NO LATER THAN JUNE 28, 2022:**

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by June 28, 2022, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

18

TRR

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 18. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net   FAX: (610) 565-7985

April 1, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES THAT PURCHASED THE REALREAL, INC. ("TRR" OR "COMPANY") COMMON STOCK BETWEEN JUNE 27, 2019 AND NOVEMBER 20, 2019, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are Defendants; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any other excluded person listed herein, has or had a majority ownership interest at any time.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *The RealReal, Inc. Securities Litigation*<br>Case No: 5:19-cv-07737-EJD<br>Claim Filing Deadline: June 28, 2022<br>Exclusion Deadline: July 7, 2022<br>Objection Deadline: July 7, 2022<br>Settlement Hearing: July 28, 2022 | Cusip Number: 88339P101 |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the link to the location of the Long Notice and Proof of Claim and Release Form ("Proof of Claim") electronically or mailing of the Long Notice and Proof of Claim. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with the Long Notice and Proof of Claim to do the mailing. After the receipt of the Notices, you have ten (10) calendar days to mail them.
4. Request the links to the location of the Long Notice and Proof of Claim and email the links to each of your beneficial purchasers/owners within ten (10) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the Long Notice and Proof of Claim** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate use by the Claims Administrator if** you are requesting the Long Notice and Proof of Claim and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of this legal matter. A copy of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and important documents are available on our website www.strategicclaims.net/TRR. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
The RealReal, Inc. Securities Litigation

**EXHIBIT C**

**jbravata@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, May 2, 2022 9:01 AM |
| **To:** | jbravata@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |

**Flag Status:**    Flagged



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Securities Class Action Settlement on Behalf of Purchasers of The RealReal, Inc. common stock – REAL**

*Cross time: 05/02/22 09:00 AM ET: Eastern Time - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

# INVESTOR'S BUSINESS DAILY®

### Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:    IBD Weekly
Address:    12655 Beatrice Street
City, State, Zip:    Los Angeles, CA 90066
Phone #:    310.448.6700
State of:    California
County of:    Los Angeles

I, _Shaun Shen_ for the publisher of _IBD Weekly_ , published in the city of _Los Angeles_ , state of _California_ , county of _Los Angeles_ hereby certify that the attached notice(s) for THE REALREAL, INC. was printed in said publication on the following date(s):

**MAY 2, 2022**

State of California

County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me on this _2nd_ day of _May_ , _2022_ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

*[Dense multi-column mutual fund performance tables spanning the full width of the page, with columns: 36 Mo Performance Rating | Fund | % Chg | YTD % Chg | 12Wk % Chg | 5 Yr Tax Rtn | After Tax Value | Net Asset Value | Chg. Tables are organized alphabetically by fund family (Goldman Sachs, GreatWest, Guardian, Hartford, Invesco, Janus Henderson, JP Morgan, Lazard, Legg Mason, Mass Mutual, Mellon, Meridian, Metro West, MFS, Nationwide, Neuberger Berman, Nuveen, Oak Associates, Oppenheimer, Pioneer, PIMCO, Praxis, Principal, Prudential, Putnam, Royce, Russell, Schwab, SEI, Thrivent, TIAA-CREF, Touchstone, Vanguard, Value Line, VOYA, Wells Fargo, Wasatch, and others spanning sections A–Z).]*

## A MARKET WIZARD TELLS ALL

### U.S. Investing Champion Mark Minervini Reveals His Proven Superperformance Strategy

The Secrets, Rules & Blunt Truths of a Stock Market Wizard

**Think & Trade Like A Champion**

MARK MINERVINI — U.S. INVESTING CHAMPION

Best-Selling Author of Trade Like A Stock Market Wizard

**TRADE LIKE A STOCK MARKET WIZARD**

HOW TO ACHIEVE SUPERPERFORMANCE IN STOCKS IN ANY MARKET

MARK MINERVINI — U.S. INVESTING CHAMPION

Learn the Strategy That Made Him One of America's Most Successful Stock Traders

BEST STOCK MARKET BOOKS OF ALL TIME — WINNER (Bookauthority)

"Most traders would be delighted to have Minervini's worst years as their best"
— *Jack Schwager, Stock Market Wizards*

"One of the country's most successful stock traders."
— *Ron Insana*

available at **amazon**

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

MICHAEL SANDERS, Individually and on behalf of all others similarly situated, Plaintiff,
v.
THE REALREAL, INC., et al., Defendants.

Case No: 5:19-cv-07737-EJD

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

TO: ALL PERSONS WHO PURCHASED THE REALREAL, INC. ("TRR") COMMON STOCK BETWEEN JUNE 27, 2019 AND NOVEMBER 20, 2019, BOTH DATES INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on July 28, 2022 at 9:00 a.m. before the Honorable Edward J. Davila, United States District Judge for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Courtroom 4, San Jose, CA 95113, or by telephonic or videoconference means as directed by the Court, for the purpose of determining:

(1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $11,000,000 should be approved by the Court as fair, reasonable, and adequate;
(2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate;
(3) whether the application by Lead Counsel for an award of attorneys' fees of up to 25% of the Settlement Amount (or $2,750,000), reimbursement of expenses of no more than $75,000, and a Compensatory Award of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class of no more than $17,000 total for Plaintiffs should be approved; and
(4) whether the Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated November 5, 2021 ("Stipulation").

If you purchased TRR common stock between June 27, 2019 and November 20, 2019, both dates inclusive ("Settlement Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in TRR common stock. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and a copy of the Proof of Claim and Release Form ("Proof of Claim"), you may obtain copies by contacting the Claims Administrator at: The RealReal, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, Telephone: (866) 274-4004, Facsimile: (610) 565-7985, info@strategicclaims.net. You can also download copies of the Long Notice and submit your Proof of Claim online at www.strategicclaims.net/TRR. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Proof of Claim electronically or postmarked no later than June 28, 2022 to the Claims Administrator, establishing that you are entitled to recovery.

If you are a Settlement Class Member and desire to be excluded from the Settlement Class, you must submit a request for exclusion, in the manner and form explained in the Long Notice, to the Claims Administrator so that it is received no later than July 7, 2022. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

Any objection to the Settlement, Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, or the Compensatory Award to Plaintiffs must be in the manner and form explained in the Long Notice and received no later than July 7, 2022, by the Clerk of the Court, U.S. District Court, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113.

If you have any questions about the Settlement, you may call or write to Lead Counsel:

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
212-686-1060

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: MARCH 24, 2022

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**EXHIBIT D**

Nadia Rivera

June 6, 2022

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

Dear Strategic Claims Services,

This letter is to inform you of my request to be excluded from the Settlement Class in Sanders v. The RealReal, Inc., et al., Case No. 5:19-cv-07737 (N.D. Cal.).  Below is a summary of TRR common shares I purchased during the Settlement Class Period (June 27, 2019-September 24, 2019).

| The RealReal Buy | | | $471.52 |
| Jun 29, 2019 | | | 16 shares at $29.47 |
| | | | |
| Symbol | Type | Time in Force | |
| REAL | Buy | Good for day | |
| Submitted | Status | Entered Quantity | |
| Jun 29, 2019 | Filled | 16 | |
| Filled | Filled Quantity | Total | |
| Jul 1, 2019 at 9:30 AM EDT | 16 shares at $29.47 | $471.52 | |

Sincerely,

Nadia Rivera

Nadia Rivera

U.S. POSTAGE PAID
FCM LETTER

JUN 06, 22
AMOUNT

**$4.33**

R2305H128868-17

1000          19063

JUN 0 9 2022

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

The RealReal, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

19063-256455