**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANDERS, Individually and on behalf of all others similarly situated, | Case No: 5:19-cv-07737-EJD |
| Plaintiff, | CLASS ACTION |
| v. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| THE REALREAL, INC., *et al.*, | |
| Defendants. | Hearing Date: August 31, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 4 – 5th Floor<br>Judge: Edward J. Davila |

**NOTICE OF MOTION AND MOTION**
**FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that, on August 31, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard, Lead Plaintiff Michael Sanders and named plaintiffs Nubia Lorelle and Garth Wakeford ("Plaintiffs"), on behalf of themselves and all members of the Settlement Class, will move, and hereby move, this Court, the Honorable Edward J. Davila, District Judge, in Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, for entry of the [Proposed] Order submitted herewith, granting Plaintiffs' motion for distribution of class action settlement funds.[1]

In support of this Motion, Plaintiffs submit the following memorandum of points and authorities, the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process and the exhibits thereto, all prior pleadings and papers in this Action, and such additional information or argument as may be required by the Court.

Defendants do not oppose this motion. Accordingly, Plaintiffs request that the Court decide this motion on the papers and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds.

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Stipulation of Settlement and exhibits thereto, dated November 5, 2021 (Dkt. No. 61-1).

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff Michael Sanders and named plaintiffs Nubia Lorelle and Garth Wakeford ("Plaintiffs") submit this memorandum of points and authorities in support of their motion for entry of the [Proposed] Class Distribution Order ("Motion"). If entered by the Court, the Class Distribution Order will, among other things: (i) approve the Claims Administrator's recommendations, accepting and rejecting Claims submitted in the Action; and (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court. The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Decl."), attached hereto as Exhibit 1.

## I.    BACKGROUND

On November 5, 2021, the Parties entered into the Stipulation, the terms of which established an $11,000,000 Settlement Amount on behalf of the Settlement Class.

On March 24, 2022, the Court granted preliminary approval of the Settlement (Dkt. No. 67) ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the court-appointed Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator"), disseminated 39,667 copies of the Notice and Claim Forms by mail or email to potential Settlement Class Members or nominees, established a dedicated website for the Settlement, www.strategicclaims.net/TRR, and set up a toll-free telephone helpline. Bravata Decl. ¶¶3-5.

On July 28, 2022, the Court entered the Order and Final Judgment (Dkt. No. 75), approving the Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members. Dkt. No. 75 at ¶13.

The Claims Administrator has advised Lead Counsel that it has completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Decl. ¶¶6-7. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. The Court should authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the Bravata Decl.

## II.     DETERMINATION OF AUTHORIZED CLAIMANTS

Pursuant to the Preliminary Approval Order, Settlement Class Members wishing to participate in the Settlement were required to submit a Proof of Claim submitted electronically or postmarked no later than June 28, 2022. Preliminary Approval Order ¶20(a). The Claims Administrator continued processing all claims received up to September 30, 2022, and responses to deficiency/rejection notices received through May 8, 2023. Bravata Decl. ¶¶6-7 and n.2.

As a result of an effective notice program, through September 30, 2022, SCS received 7,121 Claim Forms. *Id.* After reviewing all 7,121 Claim Forms, SCS has now finalized its determination of which claims are authorized and which are ineligible. *Id.* at ¶7.

### A.     Valid and Properly Documented Claims

SCS determined that of the 7,121 Claim Forms, 2,269 Claims were valid and properly documented ("Valid Claims"), representing Recognized Losses of $51,740,477.01. Bravata Decl. ¶7(a). Included in the 2,269 Valid Claims are 33 Claims that were inadequately documented but then successfully cured, and thus considered Valid Claims, *id.* at ¶7(b), and 6 Valid Claims that were submitted between June 28, 2022, and September 30, 2022. *Id.* at ¶7(a).

The Court should accept all 2,269 Valid Claims, including those submitted between June 28, 2022, and September 30, 2022. Inclusion of the later set of Valid Claims has not and will not delay distribution of the Net Settlement Fund, or otherwise prejudice any Authorized Claimant. Lead Counsel and the Claims Administrator believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the June 28, 2022 submission deadline, but while claims were still being processed. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (district court has discretion to grant late claims); *see also Lemus v. H & R Block Enters., LLC*, No. 09 Civ. 03179, 2013 WL 3831866, at *2 (N.D. Cal. July 23, 2013) ("A district court has discretion to allow late claims to a settlement fund.") (citing *In Re Valdez*, 289 F App'x 204, 206 (9th Cir. 2008)).

The Court should also Order that no claims received after September 30, 2022, or responses to deficiency and/or rejection notices received after May 8, 2023, be included in the distribution. According to SCS, processing such claims would delay finalization of the administration of the

Settlement Funds. Bravata Decl. ¶6 and n.2. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See Lemus*, 2013 WL 3831866, at *2 (without claim period deadlines, "the claim period would never cease and the money could never be distributed"); *see also Hartman v. Powell*, No. 00-5356, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action.").

### B.    Deficient and Ineligible Claims

To be eligible to receive a payment from the proceeds of the Settlement, a Settlement Class Member must submit a Claim Form with adequate supporting documentation. Preliminary Approval Order ¶20(b). Proper documentation may consist of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel. *Id.*

SCS initially identified 75 inadequately documented claims. Bravata Decl. ¶7(b). SCS sent inadequacy notices to all 75 of these claimants advising them of the inadequate documentation and giving them the opportunity to cure the deficiency. Bravata Decl. ¶7(b) and Exhibit C (sample inadequacy notice). Of the 75 claims initially identified as deficient, 33 have been successfully cured and are now considered valid. *Id.* The remaining 42 deficient claimants either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.* These claimants were sent a rejection notice explaining the reason(s) for their inadequacy, and none of these 42 rejected claimants has objected to or contested this determination. *See* Bravata Decl. ¶7(b) and Exhibit D (listing claimants rejected due to inadequate supporting documentation).

In addition, SCS recommends 4,810 claims be rejected for other reasons, including (i) claims with no Recognized Losses; (ii) claims with shares sold short; (iii) claims with common stock of The RealReal, Inc. ("TRR") purchased outside of the Settlement Class Period; (iv) duplicate claims; (v) claims with common stock of TRR that were not purchased or otherwise acquired, but were received, granted by gift, inheritance, or operation of law; (vi) claim withdrawn by filing entity; and (vii) claims filed with other securities not TRR common stock. Bravata Decl. ¶7(c). SCS

communicated with all 4,810 of these claimants to advise them of the rejection of their claims. Bravata Decl. ¶7(c) and Exhibit F (sample ineligibility notice). To date, none of these 4,810 claimants has contested their ineligibility. *Id.*

In its Preliminary Approval Order, the Court approved the form, contents, and requirements of the Notice and mandated the documentation necessary to the submission of a valid claim. Preliminary Approval Order at ¶¶9, 20(b). Each of the 4,810 claimants have failed to provide the required documentation, the Court should reject all of these claims.

## III.   PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶9.1 of the Stipulation, "After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order." Further, pursuant to ¶9.3 of the Stipulation, "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court." Lead Counsel now seeks to distribute the Net Settlement Fund to the Settlement Class Members whose claims have been accepted by the Claims Administrator, as listed in Exhibits B-1 and B-2 of the Bravata Decl.

Consistent with the terms of the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more. Bravata Decl. ¶ 9(a). Based on the substantial experience of Lead Counsel and SCS in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* ¶ 9(b).

If any funds remain in the Net Settlement Fund six months after the initial distribution, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution

checks, those funds will be used, *first*, to pay any amounts mistakenly omitted from the initial distribution, *second*, to pay additional administration costs, and *third*, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from a second distribution. Bravata Decl. ¶9(c).

If, six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to the Investor Justice and Education Clinic at Howard University School of Law. *Id*. The Proposed Order filed herewith confirms the Settlement's provisions for such redistribution of the Net Settlement Fund.

## IV.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, the Court should bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, the Court should release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them under the terms of the Distribution Order. *See In re Toyota Motor Corp. Sec. Litig.,* 2014 WL 12586787, at *3 (C.D. Cal. Aug. 4, 2014) (proposed order entered by the court releasing

claims against all persons involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund).

## V.    RECORDS RETENTION AND DESTRUCTION

Plaintiffs requests the Court order that: (i) in no less than one (1) year after the distribution of the Net Settlement Fund, SCS be allowed to destroy the paper copies of the Claim Forms and all supporting documentation; and (ii) in no less than one (1) year after all funds have been distributed, SCS be allowed to destroy the electronic copies of the Claim Forms and all supporting documentation. This is the customary document retention period SCS uses to prevent additional costs to the Settlement Class for storage expenses and related fees. Bravata Decl. ¶9(e).

## VI.    CONCLUSION

Plaintiff respectfully requests that the Court approve and enter the [Proposed] Order Granting Plaintiffs' Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: May 15, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A**.

By: */s/Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
        jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 S. Grand Avenue, Suite 2450 Los Angeles, CA 90071. I am over the age of eighteen.

On May 15, 2023, I electronically filed the foregoing PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. Executed on May 15, 2023.

/s/Laurence M. Rosen